THOMAS H. HARRISON, PLAINTIFF IN ERROR, v. THE UNION NATIONAL BANK OF LEWISBURG, PENNSYLVANIA, DEFENDANT IN ERROR.

Limitation of Actions. In May, 1872, one H., a resident of Wisconsin, made his promissory note due in six months and payable in that state, and thereafter continued to reside there until October, 1875, when he removed to this state. An action was commenced on the note in this state in January, 1878, to which the statute of limitations was pleaded as a defense. *Held*, 1st: That the statute of this state did not commence to run until H. had come into the state. 2nd: That as the statute of Wisconsin had not barred the claim before H. removed from that state, the court could not add the time of his residence there, after the note became due, to the time of his residence in this state, before the commencement of the action, to create the bar of the statute.

ERROR to the district court for Gage county. Tried below before WEAVER, J.

*Colby & Hazlett*, and *Charles O. Bates*, for plaintiff in error.

The note being barred on its face, burden of proof is upon the plaintiff to show the specific exceptions, which he alleges in his petition, in order to take the case out of the statute. · *Funk v. McVay*, 21 La. Ann., 192, 267, 273, 276, and 501. *Prigman v. East Tenn. R. R. Co.*, 1 Lea, (Tenn.), 204. *Spurger v. Hardy*, 4 Mo. App., 573

The plaintiff simply proved that the defendant resided in Wisconsin when the cause of action accrued, and did not commence to reside in Nebraska until 1875. This is not sufficient to take the case out of the statute. Angell on Limitations, section 208. *Hoggett v. Emerson*, 8 Kan., 262. *Faw v. Roberdeau*, 3 Cranch., 174. *Palmer v. Shaw*, 16 Cal., 95. Plaintiff should have proven, not only that the defendant was out of the state at the time the cause of action accrued, but also that he did not come into the state so that service of process could have been had upon him, and the debtor thereby enabled to reduce his claim to a personal judgment, until within five years prior to the commencement of the action. A construction of this exception of the statute can only be such an absence from the state as entirely suspends the power of the plaintiff to commence his action. 7 Waits' Actions and Defenses, 273. *Blodgett v. Utley*, 4 Neb., 29. *Sage v. Hawley*, 16 Conn,, 105. *Randall v. Wilkins*, 4 Denio,. 579.

*J. H. Broady* and *A. Hardy*, for defendant in error, cited *Blodgett v. Utley*, 4 Neb., 25. *Seymour v. Street*, 5 Neb,, 85. *Edgerton v. Wachter*, 9 Neb., 500,

MAXWELL, J.

This is an action upon a promissory note, of which the following is a copy:

" $759.81.        JANESVILLE, WIS., May 8th, 1872.

Six months after date, I promise to pay to the order of James S. Marsh & Co., at the First National Bank of

.Janesville, Wis., seven hundred and fifty-nine dollars and eighty-one cents, value received, with interest at the rate of ten per cent. from date, until paid.

T. H. HARRISON."

After the note became due, it was transferred to the defendant in error, who brought an action thereon against the maker in the district court of Gage county, in January, 1878.   The defense is the statute of limitations.

Sec. 20, of the code of civil procedure, provides that : " If, when a cause of action accrues against a person he be out of the state, or shall have absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he come into the state, or while he is absconded or concealed; and if after the cause of action accrues, he depart from the state, or abscond or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought."

The testimony shows that Harrison, at the time of making the note in question, was a resident of the state of Wisconsin ; and that he continued to reside there until October, 1875, when he removed to this state.   There is no allegation in the answer, nor any testimony tending to show, that the statute of Wisconsin had run against the claim at the time Mr. Harrison left that state.   That being the case, the question is to be determined by our statute, which gives five years in which to bring an action upon a promissory note.

We know of no rule that would permit us to add the time during which the maker of the note continued to reside in Wisconsin after it became due, to the time that he has resided in this state, and thereby create the bar of the statute.   Unless his residence in that state was continued for a sufficient length of time to constitute a bar, it is no defense in an action brought on the instrument in this state.   And in an action on a promissory note the

statute only commences to run from the time that an action could be commenced thereon, and service had on the defendant.

The statute of limitations is therefore no defense in this case, and the judgment must be affirmed.

JUDGMENT AFFIRMED.