### HARBECK *v.* PUPIN *et al.*[1]

#### (*Supreme Court, Special Term, New York County.* June, 1889.)

EQUITY—INADEQUATE REMEDY AT LAW—PARTNERSHIP.

> In an action in equity on a partnership note against the estate of a deceased partner, a complaint, alleging that judgment has been confessed by all members of the firm except the deceased partner, that after its dissolution two members were released, under Code Civil Proc. N. Y. § 1942, providing that a member of a firm after its dissolution may make a composition with a creditor, without releasing the other partners, and that execution against the only other surviving partner has been returned unsatisfied, and he is totally insolvent, shows that plaintiff has exhausted his remedy at law, and presents a sufficient case in equity.

Action by Henry Harbeck against Sarah Catharine Pupin and others, executors of one Agate, to charge his estate with a debt of a copartnership of which he was a member on a promissory note made by the copartnership before his death. The complaint alleged the making of the note; the entry of a judgment by confession in favor of the plaintiff and against the members of the firm except Agate; the issue of an execution on the judgment; and the return of the same unsatisfied. That on March 13, 1886, the said copartnership having previously been dissolved, Grainger and Battershall, two of the partners, made a separate composition with the plaintiff, and paid on account of the judgment the sum of $3,000, and the plaintiff executed to said compounding debtors a release under seal, whereby the plaintiff released the said debtors of and from all individual liability, claim, and demand whatever for or in respect to the said indebtedness existing by virtue of the said judgment, that being the only indebtedness or liability incurred by the said Grainger and Battershall to the plaintiff by reason of their connection with the said copartnership. That said release contained no clause stating in terms that the said Harbeck released the said Grainger and Battershall from all liability incurred by reason of their connection with the partnership. The complaint further alleges that Whitaker, the remaining partner at the time of the said confession of judgment, and at the time of the death of said Agate, was, and ever since has been, and is now, wholly insolvent, and unable to pay his debts, or to pay the balance upon said promissory note,· and that the amount due on the said note could not be collected from said Whitaker by legal proceedings or process. There was no allegation in the complaint that the defendants Battershall and Grainger were insolvent, or that the defendant had exhausted his legal remedy as against them, there being no allegation that the execution on the confessed judgment had been issued to the counties in which said judgment debtors resided. Defendants demurred for insufficiency.

*Richards & Brown*, for plaintiff.    *George C. Holt*, for defendants.

INGRAHAM, J. It is clear that the complaint is demurrable on the ground that the plaintiff has not alleged that the legal remedies against the surviving partners have been exhausted, unless the allegations of the complaint bring the case within section 1942 of the Code. By that section the joint debtor may make a separate composition with his creditors as therein prescribed. Such a composition discharges the debtor making it, and him only. A member of a partnership cannot thus compound for a partnership debt until the partnership is dissolved by consent, or otherwise. In that case the instru-

[1] From 23 Abb. N. C. 190.

ment must release or exonerate him from all liability incurred by reason of his connection with the partnership. I think the release, as pleaded, is sufficient, under section 1942 of the Code referred to. It does not in that section provide that the instrument must contain a clause releasing or exonerating the debtor from all liability incurred by reason of his connection with the partnership, but that the instrument must, as matter of fact, so release or exonerate the debtor; but when it is alleged that there was but one obligation upon which the joint debtors were liable to the creditor, and that there was no other liability to the creditor incurred by reason of the debtor's connection with the partnership, and the instrument releases him from all liability for and in respect to the said indebtedness, the legal effect of the instrument is that the compounding debtor is released or exonerated from all liability incurred by reason of his connection with the copartnership, and such release does not, under the provisions of the section, impair the creditor's right of action against any other joint debtor. After that release was executed, the plaintiff had a demand against Whitaker and Agate, but, in consequence of the release, had lost his right of action against the other members of the firm. Agate died. By his death, at common law, the plaintiff lost his right to proceed against Agate's estate. The remedy at law could only be had against the survivor, and this was irrespective of the question whether there was, at the time of the death of the joint debtor, joint property owned by the debtors which vested in the survivor.

The plaintiff's case then stood thus: he had his legal remedy against Whitaker for the collection of his debt, but he had also a lien in equity upon the estate of the deceased debtor. Courts of equity, however, would not entertain an action against the estate of the deceased partner where there was an adequate legal remedy by which full redress could be obtained; hence it followed, to enable a creditor to collect his debt in equity from the estate of the deceased joint debtor, he must show that he could not collect it by a proceeding at law against the survivor. It was sufficient for this purpose to aver and prove the insolvency of the survivor. *Pope* v. *Cole*, 55 N. Y. 127. In that case it was held that, although the executor proved that the survivor had property of the firm from which, had the sheriff discovered it, the execution might have been satisfied, the plaintiff was entitled to recover from the estate of the deceased partner, because the plaintiff was not in fault for the failure of the sheriff to discover the property. They had done all that was required of them when they delivered the execution to the sheriff. It was also held that where the plaintiff could prove the insolvency of the survivor, and thus show that he had no legal remedy for the collection of his debt against him, he may proceed to enforce payment from the estate of the deceased partner, or other joint debtor, without bringing an action against the survivor, or that he must exhaust his legal remedy against the survivor and then proceed against the estate of the deceased debtor.

The plaintiff alleges in this action that both of the conditions required by the case last cited, as a condition of the maintenance of this action, exist. He alleges that the execution upon the judgment against Whitaker was issued to the sheriff of the city and county of New York, where Whitaker resided, and was returned unsatisfied, and that Whitaker was, at the time of the confession of judgment, and at the time of the death of Agate, and ever since has been, and now is, totally insolvent, and unable to pay his debts, or to pay the balance due upon the said promissory note. These allegations show that the plaintiff has no legal remedy; for, by the release, he has lost his remedy against Grainger and Battershall, and Whitaker is insolvent. He is, therefore, entitled to maintain his action in equity to charge the estate of the deceased partner with the payment of the debt. The entry of the judgment on the confession was not a bar, by express provision of the Code, to an action against all the joint debtors upon the same demand. Plaintiff could, therefore, prior to

the death of Agate, have commenced an action against the joint debtors. Agate being dead, he can maintain his action against his estate on showing that he has no remedy at law against the survivors, and this the complaint alleges. I think, therefore, the demurrer must be overruled, and judgment ordered for plaintiff, with costs, with leave to defendant to withdraw the demurrer, and answer on payment of costs.