HENRY HARBECK, Respondent, v. SARAH KATHARINE
PUPIN and Others, as Executors of the Last Will
and Testament of FREDERICK K. AGATE, Deceased,
Appellants.

*Firm note — judgment by confession against three of four partners — action on the
note against the executors of the fourth partner, who had since died, maintainable\*—
Code of Civil Procedure, sec. 1278.*

A judgment upon a promissory note, made by a firm consisting of four members,
was entered by confession against three of the members thereof; execution was
issued thereon and returned unsatisfied. Thereafter an action was brought
against the executors of the fourth partner, who had since died, to recover the
amount of the indebtedness, after deducting therefrom the sum of $3,000 paid
by two of the partners on the judgment to obtain a release therefrom, and from
the indebtedness.

*Held*, that although this was not an action against all the joint-debtors, which a
literal reading of section 1278 of the Code of Civil Procedure prescribed, in order
to avoid the effect of the judgment as a merger as to all the debtors, yet as there
could be neither necessity nor propriety in the prosecution of an action for the
recovery of the debt against all the joint debtors, including those bound by the
preceding judgment as well as those not parties to it, that the section would be
so construed that, as to parties not included in the judgment, the creditor would
be at liberty still to proceed as though no judgment had, in fact, been confessed.

APPEAL by the defendants from an interlocutory judgment,
entered, after a trial at a Special Term held in the county of New
York, upon the issue of law raised by the defendants' demurrer to
the plaintiff's third amended complaint, in the office of the clerk of
the county of New York on the 7th day of June, 1889, which judg-
ment decreed that the complaint stated facts sufficient to constitute
a cause of action, and overruled the demurrer interposed thereto,
without costs to either party as against the other, with leave to the
defendants, within twenty days after service of the judgment, to
withdraw their demurrer and answer over.

*George C. Holt*, for the appellants.

*Richards & Brown*, for the respondent.

DANIELS, J.:

The plaintiff obtained a judgment by confession, upon a promis-
sory note made by the firm of W. H. Whitaker & Co. against three

---

\* See *Heckemann* v. *Young*, page 406.

of the members of the firm. The additional member of the firm was the defendants' testator, who was in no manner included in the judgment. Executions were issued upon the judgment against the three members of the firm who confessed it, and were returned unsatisfied. And thereafter this action was brought against the executors to recover the amount of the indebtedness, after deducting the sum of $3,000 paid by two of the partners in the judgment, to obtain a release therefrom, and from the indebtedness. As the law stood prior to the enactment of the present Code, a judgment confessed in this manner was a merger of the demand, and a discharge of the debtor not included in it, from liability for its payment. (*Candee* v. *Smith*, 93 N. Y., 349.)

But, for the purpose of changing this rule of law, section 1278 of the Code of Civil Procedure has been enacted. This section provides that:

" One or more joint-debtors may confess a judgment for a joint debt, due or to become due. Where all the joint debtors do not unite in the confession, the judgment must be entered and enforced against those only who confessed it, and it is not a bar to an action against all the joint-debtors upon the same demand."

And the intention appears from its language to be that this preceding rule should thereafter be abrogated. But its application to this case has been resisted on the ground that it is not an action against all the debtors, and a literal reading of the section requires the action to be in that form to avoid the effect of the judgment as a merger as to all the debtors. But while this is the literal reading of the section it is not probable that it was intended to be so understood or applied. For there would be neither necessity nor propriety in the prosecution of an action for the recovery of the debt against all the joint-debtors, including those bound by the preceding judgment as well as those not made parties to it. The intention to supersede the preceding rule by the enactment of the section is clearly evident. And what the legislature should be considered as intending is, that as to parties not included in the judgment, the creditors should still be at liberty to proceed the same as though no judgment had, in fact, been confessed. It is true that the language of the section does not literally express this intention, but it is to be inferred from its reading (inasmuch as a leading object was to dispense with the

preceding rule) and the creditor was intended to be left at liberty to proceed against the debtor, or debtors, not included in the judgment. And that in the enactment of the section the word "other," or some equivalent term, was intended to be inserted between the word "the" and "joint," in the concluding part of the section, which would leave the debtor, or debtors, who had not joined in the confession of the judgment liable to be still proceeded against upon the same demand. Unless that was intended to be done, then there was very little to be secured by the enactment of the section. And no good reason existed for subjecting the continued liability of the other debtors to an action in which they should be included as parties with the debtors who had already confessed the judgment. That would be, so far as the debtors were already bound by the judgment, an entirely senseless proceeding. And it is more reasonable to presume that a word has been omitted in the enactment of the section than that the right of the creditor still to proceed against the other debtors should be dependent upon such an absurdity. It is not infrequent to find language employed in statutes which is inappropriate to the apparent object and intent of the act. And where that may appear to be the fact, it becomes the duty of the courts, and that authority is exercised, to so construe the law as to carry what appears to be the governing intention of the legislature into effect, although it may not be done in precise conformity to the language employed. What the law requires as a leading object in the construction of statutes is, that the spirit and intent shall be maintained in preference to the precise effect of the language itself. Upon this subject it has been held that, "in the interpretation of statutes the great principle which is to control is the intention of the legislature in passing the same, which intention is to be ascertained from the cause and necessity of making the statute as well as other circumstances. A strict and literal interpretation is not always to be adhered to. And where the case is brought within the intention of the makers of the statute, it is within the statute, although by a technical interpretation it is not within its letter." (*Mayor, etc., v. Third Avenue R. R. Co.,* 16 N. Y. St. Rep., 122; *Weiler v. Newbach,* 47 Hun, 166; *Delafield v. Brady,* 108 N. Y., 524, 529.) And this principle is specially applicable to

this section of the Code, for there could have been no other object inducing its enactment than to change the preceding rule by which a judgment confessed by one or more joint-debtors would discharge the other from liability. The rule was highly technical in itself, having no other sound reason for its support, and resulted in the discharge of persons from their liability, even when that was contrary to the intention of the parties themselves. The section in this manner enacted is highly remedial, designed to promote a more just result than that secured by the law previously existing, and, therefore, to be liberally construed. And, as its object was not to permit a judgment, confessed by one or more parties to discharge others equally and jointly liable with them from their liability, that should be promoted by placing the construction already mentioned upon this enactment. And that continued in existence the liability of the testator for the payment of this indebtedness after the judgment had, in this manner, been confessed by his three copartners.

It is stated in the complaint that executions were issued against the property of the judgment-debtors which were returned wholly unsatisfied. And as the testator remained liable for the payment of this indebtedness at the time of his decease, this authorized the creditor to institute and maintain the present action against his executors for the payment of so much of the indebtedness as had not been extinguished by payment. (*Pope* v. *Cole*, 55 N. Y., 124.) As long as the deceased debtor remained liable for the payment of the debt at the time of his decease, this remedy survived to the creditor to proceed against his estate.

By a further subdivision of the complaint it appears that two of the judgment-debtors made a separate composition with him and paid him the sum of $3,000. And that he thereupon executed and delivered to them a release of and from all individual liability, claim and demand whatever, for or in respect of the indebtedness existing by virtue of the judgment, that being the only indebtedness or liability incurred by them to him by reason of their connection with the partnership. And it was stated in the release that it was made pursuant to section 1942 of the Code of Civil Procedure, and should have no greater or other effect than as by that act it was provided. Section 1942, to which the release in this manner referred, has provided, that after a partnership has been dissolved, a joint-debtor

may make a separate composition with his creditor which will discharge him from liability. But, to secure that result, "the instrument must release or exonerate him from all liability incurred by reason of his connection with the partnership." The release which was delivered to these two debtors was not precisely in conformity with this language of the Code, but it was substantially. And its reference to this section was a plain expression of intention that it was designed to be the release in this manner provided for. Substantially, it conformed with the requirement. And where that may be the case, it becomes the duty of the court to maintain and support the instrument. (*Hood* v. *Hayward*, 48 Hun, 330.) And, accordingly, the release should have the effect, and only that effect, which the parties in this manner designed to secure to it.

The objection that the indebtedness proceeded upon is not the same demand as was included in the judgment, for the reason that $3,000 had been paid in this manner upon it, is entitled to no serious consideration, for the balance remaining unpaid is the same demand as was included in the judgment by confession. The judgment from which the appeal has been brought seems to have been right, and it should be affirmed, with costs.

VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment affirmed, with costs.