C. S. WEBSTER V. JOHN D. DAVIES.

FILED MARCH 5, 1895.    No. 6022.

**Limitation of Actions:** RESIDENCE IN ANOTHER STATE. Under section 21 of the Code of Civil Procedure, providing that "when a cause of action has been fully barred by the laws of any state or country where the defendant has previously resided, such bar shall be the same defense in this state as though it had arisen under the provisions of this title," an action is barred in this state when the defendant has resided in another state for the full period of limitations under the laws of that state, even though the cause of action arose here and the defendant resided here when it arose.

ERROR from the district court of Platte county.    Tried below before MARSHALL, J.

*McAllister & Cornelius,* for plaintiff in error.

*Albert & Reeder, contra.*

IRVINE, C.

The question presented in this case is the construction of sections 18, 20, and 21 of the Code of Civil Procedure in relation to limitations of actions. Webster sued Davies on several promissory notes made by Davies and maturing in 1884, 1885, and 1887. The action was brought in the district court of Platte county on June 21, 1890. Davies answered that on June 21, 1890, and for more than three years prior thereto, he had been a resident of Wyoming; that each of the notes was executed and delivered in the state of Nebraska while Davies was a resident of this state. He then pleaded a statute of Wyoming to the effect that such actions on contracts expressed or implied, contracted or incurred before the debtor became a resident of Wyoming, shall be commenced within two years after the debtor shall have established his residence in Wyoming. The reply was a general denial. The only evidence was the statute pleaded by the defendant and the testimony of the defendant himself, which shows that in 1887 he went to Wyoming in the employ of a railroad company, going first to Wiser, then moving to Laramie, where he bought a home, then to Green River, where he bought another home, thence to Rock Springs, thence to Millis, remaining altogether at these different points in Wyoming about three years; that he went to Wyoming because he was employed by the railroad company and went from place to place in Wyoming as directed by that company, but he left with the intention of making his home in Wyoming and without any intention of returning to Nebraska. Shortly before this action was brought his father died and he thereby inherited property in Nebraska, and for that reason returned. The court found generally for the defendant and entered judgment accordingly.

The evidence referred to was ample to sustain a finding that the defendant had resided in Wyoming for more than two years, and the statute of Wyoming introduced in evidence provided that where an indebtedness of this character arose before the defendant went to Wyoming action must be brought thereon within two years. The question is, therefore, presented whether, when a contract is made and is performable in Nebraska, the defendant being a resident of Nebraska at the time, and he afterwards removes to another state, remaining there until an action on the contract would be barred by the laws of that state, and then returns to Nebraska, the action is also barred here. Sections 18, 20, and 21 of the Code of Civil Procedure are as follows:

" Sec. 18. All actions, or causes of action, which are or have been barred by the laws of this state, or any state or territory of the United States, shall be deemed barred under the laws of this state."

" Sec. 20. If, when a cause of action accrues against a person, he be out of the state, or shall have absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he come into the state, or while he is absconded or concealed; and if after the cause of the action accrues he depart from the state, or abscond, or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought.

"Sec. 21. When a cause of action has been fully barred by the laws of any state or country where the defendant has previously resided, such bar shall be the same defense in this state as though it had arisen under the provisions of this title."

Where similar statutes are in force there was formerly much doubt because of the apparent conflict between section 20 and the other sections quoted; but it has been quite generally decided that the provision of section 20 which tolls the statute during the absence of a defendant from the

state does not apply where his absence has been of such a character as to entitle him to the benefit of the statute of limitations of another state to which he has removed. This court has so construed the law. (*Hower v. Aultman*, 27 Neb., 251; *Minneapolis Harvester Works v. Smith*, 36 Neb., 616; *Harrison v. Union Nat. Bank*, 12 Neb., 499.) None of these cases, however, presented the question which we now have before us. Plaintiff in error argues that sections 18 and 21 apply only where the cause of action arose in another state and became there barred, and that they do not apply to a case which arose in this state while the defendant was here a resident and where the bar of the foreign statute was created by his removal from this state after the cause of action arose. This view has the apparent support of the supreme courts of Tennessee and Montana. (*Bagwell v. McTighe*, 85 Tenn., 616; *Kempe v. Bader*, 86 Tenn., 189; *Chevrier v. Robert*, 6 Mont., 319.) But the statute of Tennessee is: "Where the statute of limitations of another state or government has created a bar to an action upon a cause accruing therein, whilst the party to be charged was a resident in such state or under such government, the bar is equally effective in this state." In order, then, that the statute of another state might be effectual this statute required both that the cause of action should have accrued therein and that the defendant should have been a resident thereof. In Montana the statute is: "When the cause of action shall have arisen in any other state or territory of the United States, or in any foreign country, and by the laws thereof an action cannot be maintained against a person by reason of the lapse of time, no action thereon shall be commenced against him in this territory." In the case cited the debt was contracted in Canada and the defendant removed thence to Nevada, remaining there long enough for the Nevada statute to bar an action, and then came to Montana. The court thought that the cause of action did not, in the language of the statute,

"arise" in Nevada and considered that to so construe the statute would be unjust and unreasonable. But on the other hand the appellate court of the first district of Illinois, construing a similar statute, held directly to the contrary. (*Humphrey v. Cole,* 14 Ill. App., 56.) In that case the instrument sued on was made by the defendant in Illinois while he resided there. He then came to Nebraska, where he remained more than twenty years, returning to Illinois, where action was brought. The court, citing an unreported decision of the supreme court, said that the words in the Illinois statute, "when a cause of action has arisen," should be construed as meaning when jurisdiction exists in courts of a state to adjudicate between the parties upon a particular cause of action if properly invoked, without regard to the place where the cause of action had its origin. Judge Blodgett, following the same authority and using the same language, construed the statute in the same manner. (*Osgood v. Artt,* 10 Fed. Rep., 365.) Our statute does not, in either section 18 or section 21, require that the cause of action should have arisen in the state the benefit of whose statute is claimed, and this case might be resolved for the defendant for this reason on the authority of either the Montana, the Illinois, or the federal case. The statute of Iowa was formerly in the same language as our own. We cannot find that while the statute so remained it received any construction upon this point, but in 1870 there was added to the section corresponding to our section 21 the following words: "This section shall not apply to causes of action arising within this state." The supreme court then intimated in several cases that under states of facts like those of the case now before us the statute did not operate, but it was held inapplicable solely because of the amendment of 1870. (*Lloyd v. Perry,* 32 Ia., 144; *Davis v. Harper,* 48 Ia., 513.) The same court held more definitely that the amendment was not retroactive, and that where a cause of action arose in Iowa and the defendant afterwards became

entitled to the benefit of the statute of another state by re-
siding there for the full period of limitations, he could
plead that statute in bar of the action in Iowa, notwith-
standing the amendment of 1870, the bar having arisen
before that amendment. (*Thompson v. Read*, 41 Ia., 48 ;.
*Goodnow v. Stryker*, 62 Ia., 221.)   These decisions show
that the Iowa court deemed an express exception necessary
in order to justify the construction for which the plaintiff'
in error contends.   Indiana formerly had the same statute,
and it was there held that the fact that a note was payable
in Indiana and that the defendant resided there when the
cause of action arose was not a good replication to an an-
swer pleading the bar of the statute of another state.
(*Wright v. Johnson*, 42 Ind., 29 ; *Van Dorn v. Bodley*, 38.
Ind., 402.)   After these decisions the legislature adopted an
amendment similar to the Iowa amendment, and the court
held that because of this amendment the rule was changed.
(*Mechanics' Building Association v. Whitacre*, 92 Ind., 547.)
We think it is immaterial under our statute, as it was in
Iowa and Indiana before the amendments referred to,.
where the cause of action arose or where the defendant re-
sided when it arose.   If he has resided in another state so
long as to be protected by the statute of that state, such.
fact is a good defense to an action here.

JUDGMENT AFFIRMED.

POST, J., not sitting.