(88 App. Div. 297.)

### DUNK v. DUNK.

(Supreme Court, Appellate Division, Third Department. November 11, 1903.)

1. COSTS—SECURITY—ALLOWANCE OF UNDERTAKING—ADDITIONAL SECURITY.

A court cannot, under Code Civ. Proc. § 3276, providing for an order for additional security for costs "after the allowance" of an undertaking for costs, order "additional" security for costs, where there has been no previous allowance by the court of an undertaking, though one has been given voluntarily.

Smith, J., dissenting.

Appeal from Special Term.

Action by Alfred O. Dunk against Eliza Dunk, executrix. From an order requiring additional security for costs of plaintiff, he appeals. Reversed.

See 82 N. Y. Supp. 1099.

The plaintiff is a nonresident, and soon after the commencement of this action the defendant noticed on him a motion to require him to file an undertaking in the sum of $250, or else to deposit that amount in court as security for the costs of the action, pursuant to the provisions of section 3272 of the Code of Civil Procedure. Thereupon the plaintiff voluntarily delivered to the defendant's attorney a bond in that amount, conditioned for the payment of such costs, executed by the National Surety Company, and the motion was abandoned. No undertaking was ever "allowed" or money deposited pursuant to such section 3272. No order was ever made thereunder, and no application for security under such section has ever been presented to the court. Subsequently the defendant noticed a motion upon the plaintiff under section 3276 of the Code for additional security, but such notice was never brought to a hearing. The plaintiff again delivered to the defendant's attorney a bond for $500, conditioned as security for such additional costs, executed by the same company as surety, and the motion was abandoned. The action then proceeded to trial before a referee, and resulted in a judgment dismissing the plaintiff's complaint, and for costs in the amount of $1,129.84. An appeal was taken by the plaintiff from such judgment, and the defendant thereupon moved under section 3276 for additional security for the costs past and to be incurred. The court at Special Term made an order requiring the plaintiff within 30 days to give an additional undertaking in the sum of $750, with two sufficient sureties, as such security, together with $10 costs of such motion, and from such order this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, and CHESTER, JJ.

George B. Curtiss, for appellant.

D. H. Carver, for respondent.

PARKER, P. J. The court has no authority to make an order for "additional" security for costs, save that given it by section 3276 of the Code. By the plain provisions of such section such an order may be made after the allowance of an undertaking given pursuant to an order of the court, or after notice of the payment of money into court pursuant to an order thereof. The fact that a prior order has been made determining the liability of the plaintiff to file security for costs seems to be a condition precedent to the granting of "additional security" under this section. Concededly, no such order has been previously made. The first application to the court for security in this action is the one now before us, and the first order

made on the subject is the one appealed from. It purports to have been made pursuant to section 3276, and assumes to give additional security. I am of the opinion that it was not warranted by such section, and that the principle upon which the decision in Republic of Honduras v. Soto, 112 N. Y. 310, 312, 19 N. E. 845, 2 L. R. A. 642, 8 Am. St. Rep. 744, is based, is a clear authority for that conclusion.

The order appealed from should be reversed, with costs.

CHASE and CHESTER, JJ., concur.

SMITH, J. (dissenting). If the conclusion reached by the learned Presiding Justice be right, the bond already given as additional security was one which the court was unauthorized to order, and therefore is apparently without consideration, and void. I apprehend there are many such bonds in the state which would be rendered void within the rule laid down in the prevailing opinion. While these considerations neither add to nor take away from the statute, they should lead us to a most careful consideration of the question presented.

By section 3268 of the Code of Civil Procedure the defendant has the absolute right to security for costs where, as in this case, the plaintiff is a nonresident. Section 3272 provides for the order requiring such security. By section 3275, if the sureties upon the undertaking are objected to, the judge must make examination, and allow or disallow the undertaking. If the sureties are not excepted to, "the undertaking is deemed allowed." By section 3278 it is provided that, where a defendant is entitled to require security for costs as prescribed in section 3268, the plaintiff's attorney is liable for the defendant's costs to an amount not exceeding $100. It is then provided:

"The plaintiff's attorney may relieve himself from that liability although the defendant has not required security for costs to be given by filing and procuring the allowance of an undertaking as if an order had been made as prescribed in section 3272 of this act."

Section 3276 then provides:

"At any time after the allowance of an undertaking given pursuant to such an order, or as prescribed in section 3278 of this act, * * * the court, * * * upon satisfactory proof by affidavit that the sum specified in the undertaking * * * is insufficient, * * * must make an order requiring the plaintiff to give additional security."

In the prevailing opinion the rule is held that, where the plaintiff has voluntarily given an undertaking satisfactory to the defendant, and which has been accepted by him, the court is powerless to require additional security for costs. In other words, in order to protect his right to require additional security for costs, the defendant must refuse the undertaking offered voluntarily by the plaintiff, and get an order to which he is entitled as matter of right, requiring the plaintiff to give him the very undertaking which he has refused to accept. To my mind, this construction allows the letter of the law to obscure wholly its purpose. No possible reason can be conceived why the Legislature should authorize additional security to be given after the security had been once given by an order of the

court, and not after security had been once voluntarily given. That construction is, to my mind, most unreasonable that requires a defendant to go to the court for an order to compel the plaintiff to give him an undertaking which the plaintiff voluntarily offers, but which he cannot accept without imperiling his right to ask for additional security. If the word "after," as used in section 3276, could be read "notwithstanding," it would make a consistent provision for the requirement of additional security without the incongruity which follows from the strict construction of the word "after" given by the Presiding Justice, and such a change would, in my judgment, express the sense with which the Legislature used the word in the section in question.

In Central Trust Co. v. N. Y. Equipment Co., 74 Hun, 408, 26 N. Y. Supp. 851, Justice Van Brunt, in discussing the rules governing the interpretation of statutes, says:

"A strict and literal interpretation is not always to be adhered to, and where the case is brought within the intention of the makers of the statute it is within the statute, although by a technical interpretation it is not within its letter. It is the spirit and purpose of a statute which is to be regarded in its interpretation; and, if this find fair expression in the statute, it should be so construed as to carry out the legislative intent, even though such construction is contrary to the literal meaning of some of the provisions of the statute."

In Harbeck v. Pupin, 55 Hun, 335, 8 N. Y. Supp. 695, the provisions of section 1278 of the Code, authorizing an action against "all the joint debtors" upon the same demand, was held to mean against any joint debtor who had not theretofore joined in a confession of judgment.

The learned Presiding Justice bases his opinion upon the decision in the case of Republic of Honduras v. Soto, 112 N. Y. 310, 19 N. E. 845, 2 L. R. A. 642, 8 Am. St. Rep. 744. The provision of the Code at that time provided for an application for additional security only after an undertaking had been given as prescribed in the statute. It omitted the provision which has since been inserted authorizing the application for additional security where a deposit had been made which was insufficient. The Court of Appeals, reversing the Appellate Division, there held that additional security could only be given where an undertaking had been given and was insufficient, and could not be required where a deposit had been made. It was there argued that the Legislature could not have intended to make a distinction between the insufficiency of an undertaking and the insufficiency of a deposit as a condition precedent to authorizing application for additional security. Chief Judge Roger, in writing the opinion, says:

"There is a manifest distinction between a deposit and an undertaking in respect to the causes which might impair them, and we are not able to say but that those conditions controlled the Legislature in making the distinction between them."

In the case at bar it is impossible to conceive of any cause for a distinction between an undertaking as voluntarily given and accepted and one as ordered by the court and allowed, where the right to the

security was an absolute one, and the allowance of the undertaking without the exception of the defendant is compulsory. In the absence of any reason for this distinction, in view of the fact that this provision of the Code follows immediately other provisions relating to the application for security, the granting of the order, and the allowance of the undertaking, I think the intent is manifest to give to the court the right to grant the order appealed from, which I think should be affirmed.

But granting, for the argument, the correctness of the strict interpretation given to the statute in the prevailing opinion, I still think this order should be affirmed. In the papers before the court all the facts appear. The defendant asked in his notice of motion not only for additional security, but for other relief to which he might be entitled. The Special Term might upon that motion have made an order requiring the defendant to give security for costs nunc pro tunc as of a date prior to the first undertaking that was given, and such an undertaking would in that case be deemed in law to have been given pursuant to such order to satisfy the conditions of this statute. Not only could this provision have been inserted by the Special Term, but this court may modify the order to include such provision and affirm the same as modified, and this, in my judgment, should be done, if necessary to the affirmance of this order.