(41 Misc. Rep. 521.)

### HOLMES v. HENGEN.

(Supreme Court, Trial Term, New York County. October, 1903.)

1. LIMITATIONS—FOREIGN CAUSE OF ACTION.

> Plaintiff sued an indorser of a note in 1902, the original holder being a resident of Nebraska. At the maturity of the note, in 1891, all the parties resided in Nebraska. The defendant thereafter moved to Texas, and remained there for more than four years. By the laws of Texas, an action on a note must be brought within four years from the time the cause of action accrued; and, under the decisions of the Supreme Court of Nebraska, an action was barred where defendant resided in another state for the full period of limitations under the laws of that state, though the cause of action arose in Nebraska, and defendant resided there when it arose. *Held*, under Code Civ. Proc. § 390a, providing that, where a cause of action arises out of the state, an action cannot be brought in the state to enforce it after the expiration of the time limited by the laws of the state where the cause of action arose, except in behalf of a resident of the state, the action would not lie.

Action by Artemas H. Holmes against Gustave B. Hengen on a note. Judgment for defendant.

Louis C. Lewis, for plaintiff.

Henry Willard Bean (Wm. Underhill Moore, of counsel), for defendant.

GREENBAUM, J. The conceded facts are that the defendant is the indorser before maturity of a promissory note made on August 13, 1890, in Omaha, Neb., where all the parties to the transaction

then resided. The note matured on August 13, 1891. The holder, maker, and indorser were then still residents of Nebraska. After maturity the defendant moved to the state of Texas, where he had a continuous residence for upward of four years. At the time of the commencement of this action he was, and he still is, a resident of this state. The note was assigned to plaintiff, a resident of this state, on November 30, 1902, by one Wallace, the original holder of the note, who has resided in Nebraska since the making of the note. The defendant pleads several statutes of limitations; setting up, among others, those in force in Nebraska and Texas. Under the Code of Civil Procedure of Nebraska (section 21), as construed by the Supreme Court of that state in the case of Webster v. Davies, 44 Neb. 301, 62 N. W. 484, a cause of action is barred "where the defendant has resided in another state for the full period of limitation under the laws of that state, even though the cause of action arose in Nebraska, and the defendant resided in Nebraska when it arose." The facts in the case of Webster v. Davies, supra, are almost identical with those here presented on the question of defendant's residence, and, under that authority, it is evident, if this claim was barred under the laws of Texas, that it was barred under the Nebraska statutes. It was established that Sayles' Rev. Civ. St. Tex. 1897, art. 3356, provide that "actions for debt where the indebtedness is evidenced by or founded upon any contract in writing" shall "be commenced and prosecuted within four years after the cause of action shall have accrued and not afterwards." It follows, therefore, that the four-years residence of defendant in Texas would have been available as a plea in bar upon the note in Nebraska. It only remains to determine whether the foregoing constitutes a defense in this state. It would seem that section 390a of the Code of Civil Procedure (Laws 1902, p. 487, c. 193) is conclusive on this point. This section, which went into effect on September 1, 1902, before the assignment of the claim to plaintiff, and before the commencement of this action, provides:

"Where a cause of action arises outside of this state, an action cannot be brought, in a court of this state, to enforce said cause of action, after the expiration of the time limited by the laws of the state or country, where the cause of action arose, for bringing an action upon said cause of action, except where the cause of action originally accrued in favor of a resident of this state."

It does not appear that this section has heretofore received judicial construction, but it seems to be clearly applicable to the facts of the case in all essentials, and it follows that a verdict should be directed for the defendant. Both parties having moved for a direction, and decision having been reserved under stipulation, judgment is directed for the defendant, with costs.

Judgment for defendant, with costs.