(102 App. Div. 15.)

### CHESAPEAKE COAL CO. OF BALTIMORE v. MENGIS.

(Supreme Court, Appellate Division, First Department. February 10, 1905.)

FOREIGN JUDGMENT—ACTION—LIMITATIONS.

> Since, under the laws of Maryland, an action on a judgment is barred in 12 years from its date, an action by a foreign corporation cannot be maintained in New York on a Maryland judgment on a cause of action which did not originally accrue in favor of a resident of New York, but accrued against a person who was at the time of its accrual and thereafter a resident of Maryland, after the time limited by the laws of Maryland, under Code Civ. Proc. § 390a, providing that, where a cause of action arises outside of the state, an action cannot be brought in the state to enforce it after the expiration of the time limited by the laws of the state where the cause of action arose, except where it originally accrued in favor of a resident of the state.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgments, §§ 1764–1767.]

Appeal from Special Term, New York County.

Action by the Chesapeake Coal Company of Baltimore against one Mengis. From a judgment overruling a demurrer to the answer, plaintiff appeals. Affirmed.

The following is the opinion of the court below (Gildersleeve, J.):

The action is brought on a judgment recovered by plaintiff, a foreign corporation, against defendant, in the superior court of Baltimore, in the state of Maryland. The answer avers substantially that this action was commenced on July 9, 1904; that the judgment in question was recovered in the state of Maryland on February 15, 1892; that by the law of that state an action upon the judgment was barred in twelve years from its date; that no steps have been taken to revive it; and that the time limit by the laws of said state for bringing an action upon said judgment expired on February 15, 1904. The answer also avers that on February 15, 1892, and previous thereto, and for some time thereafter, the defendant was a resident of Baltimore, Maryland; that the cause of action did not accrue within twelve years before the commencement of this action; that it did not originally accrue in favor of a resident of the state of New York; that "the person or corporation in whose favor it originally accrued has never become a resident of this state, and the cause of action has never been assigned to, and continuously owned by, a resident of the state of New York." The plaintiff demurs to this separate defense as insufficient in law on the face thereof.

Before the enactment of sections 390 and 390a of the Code, the courts of this state took no notice of the statutes of limitations of other states as a bar to the maintenance of actions in this state on causes of action arising outside of their jurisdiction, but administered our own laws only on that subject. Miller v. Brenham, 68 N. Y. 83. The above sections of the Code, however, introduced a new principle, according to which our courts apply the statutes of limitations of the state in which the cause of the action arose, with certain specified exceptions. Section 390 excepts cases "where the cause of action originally accrued in favor of a resident of the state," or "where, before the expiration of the time so limited, the person, in whose favor it originally accrued, was or became a resident of the state; or the cause of action was assigned to, and thereafter continuously owned by, a resident of the state." The plaintiff claims that the defense of the Maryland statute of limitations is not available, because defendant has not averred that he (defendant) continued to reside in Maryland after the period limited had expired and the bar had become complete in that state. Section 390 provides that, "where a cause of action  *  *  *  accrues against a person who is not then a resident of the state, an action cannot be brought thereon  *  *  *  after the expiration of the time limited by the laws of his residence for bringing

a like action, except by a resident of the state," and in one of the cases above cited. The answer, as we have seen, avers that when the cause of action accrued, and "for some time thereafter," defendant was a resident of Maryland. The plaintiff urges that this comes short of alleging that defendant continued to reside in Maryland until the time limited for bringing an action on the judgment had expired. In support of this contention, plaintiff relies on the case of Taylor v. Syme, 17 App. Div. 517, 45 N. Y. Supp. 707, where it was held that the defense of the Louisiana statute of limitations was not well taken, because the defendant took up his residence in this state before the expiration of the time limit. The Court of Appeals, in reversing the Appellate Division, declined to express an opinion on this branch of the case. 162 N. Y. 519, 57 N. E. 83. This decision of the Appellate Division, as well as that of the Court of Appeals, was handed down some years before section 390a of the Code went into effect. The first-mentioned decision was rendered in May, 1897; the latter, in April, 1900; while section 390a of the Code went into effect September 1, 1902. This section provides as follows: "Where a cause of action arises outside of this state, an action cannot be brought, in a court of this state, to enforce said cause of action, after the expiration of the time limited by the laws of the state or country, where the cause of action arose, for bringing an action upon said cause of action, except, where the cause of action originally accrued in favor of a resident of this state. Nothing in this. act contained shall affect any pending action or proceeding." The present action was commenced subsequent to the going into effect of this section. As. we have seen, the answer shows that the cause of action arose outside the state (i. e., on a Maryland judgment); that this action at bar was brought to. enforce that cause of action after the expiration of the time limited by the laws of Maryland (i. e., the state where the cause of action arose) for bringing an action upon said cause of action; and that the cause of action did not originally accrue in favor of a resident of this state. I do not see why the answer does not state facts showing that plaintiff's cause of action comes. within the prohibition contained in section 390a of the Code, and cannot be maintained. As the demurrer must be held to admit all allegations of fact in the said defense that are material and well pleaded, it follows that defendant presents a good and valid defense to the plaintiff's cause of action.

The demurrer is overruled, with costs, and with leave to plaintiff to reply to said separate defense. Give notice of settlement.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN,. JJ.

Allen & Sabine (Y. Allen, of counsel), for appellant.
W. H. Stryker, for respondent.

PER CURIAM. Interlocutory judgment affirmed, with costs, on the opinion of the court below, with leave to plaintiff to withdraw demurrer and to reply on payment of costs in this court and in the court: below.

---

PEOPLE ex rel. ALBERTSON v. McADOO, Police Com'r.

(Supreme Court, Special Term, New York County. February, 1905.)

MUNICIPAL CORPORATIONS—NEW YORK CITY—POLICE DEPARTMENT—POLICE INSPECTOR—APPOINTMENT.

Where a police inspector, of whom 15 are allowed by law, was dismissed after trial, and relator appointed in his place, but the dismissal was annulled by the Appellate Division, it was proper for the police commissioner, without a trial or hearing, to direct relator to assume the duties of the office from which the commissioner had attempted to promote him; relator