Chesapeake Coal Company of Baltimore City, a Corporation, Appellant, *v.* Morris C. Mengis, Respondent.

*Action on a judgment of another State — sufficiency of an answer setting up the Statute of Limitations of such other State as a bar.*

In an action brought upon a judgment recovered by the plaintiff, a foreign corporation, against the defendant in the State of Maryland, the defendant interposed an answer averring that the present action was commenced July 9, 1904; that the judgment sued upon was recovered February 15, 1892; that by the laws of the State of Maryland the time for bringing an action on the judgment in that State expired February 15, 1904; that at the time the judgment was recovered and for some time thereafter the defendant was a resident of Baltimore, Md.; that the cause of action did not originally accrue in favor of a resident of the State of New York and that the person or corporation in whose favor it originally accrued had never become a resident of the State of New York and that the cause of action had never been assigned to and continuously owned by a resident of the State of New York.

*Held*, that the answer stated a good defense under sections 390 and 390a of the Code of Civil Procedure, and that it was not demurrable because it failed to allege that the defendant continued to reside in Maryland until the time limited by the statutes of that State for bringing an action on the judgment had expired.

Appeal by the plaintiff, the Chesapeake Coal Company of Baltimore City, a corporation, from an interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 29th day of October, 1904, upon the decision of the court, rendered after a trial at the New York Special Term, overruling the plaintiff's demurrer to the defense contained in the amended answer of the defendant.

*Yorke Allen*, for the appellant.

*William H. Stryker*, for the respondent.

Interlocutory judgment affirmed, with costs, on the opinion of the court below, with leave to plaintiff to withdraw demurrer and to reply on payment of costs in this court and in the court below.

The following is the opinion of GILDERSLEEVE, J., delivered at Special Term:

GILDERSLEEVE, J.:

The action is brought on a judgment recovered by plaintiff, a foreign corporation, against defendant in the Superior Court of Baltimore, in the State of Maryland. The answer avers, substantially, that this action was commenced on July 9, 1904; that the judgment in question was recovered in the State of Maryland on February 15, 1892; that by the law of that State an action upon the judgment was barred in twelve years from its date; that no steps have been taken to revive it, and that the time limit by the laws of said State for bringing an action upon said judgment expired on February 15, 1904. The answer also avers that on February 15, 1892, and previous thereto and for some time thereafter, the defendant was a resident of Baltimore, Md.; that the cause of action did not accrue within twelve years before the commencement of this action; that it did not originally accrue in favor of a resident of the State of New York; that " the person or corporation in whose favor it originally accrued has never become a resident of this State, and the cause of action has never been assigned to and continuously owned by a resident of the State of New York." The plaintiff demurs to this separate defense as insufficient in law on the face thereof. Before the enactment of sections 390 and 390a of the Code of Civil Procedure, the courts of this State took no notice of the Statutes of Limitations of other States as a bar to the maintenance of actions in this State on causes of action arising outside of their jurisdiction, but administered our own laws only on that subject. (*Miller* v. *Brenham*, 68 N. Y. 83.) The above sections of the Code of Civil Procedure, however, introduced a new principle, according to which our courts apply the Statutes of Limitations of the State in which the cause of the action arose, with certain specified exceptions. Section 390 excepts cases " where the cause of action originally accrued in favor of a resident of the State," or " where, before the expiration of the time so limited, the person, in whose

favor it originally accrued, was or became a resident of the State; or the cause of action was assigned to, and thereafter continuously owned by, a resident of the State." The plaintiff claims that the defense of the Maryland Statute of Limitations is not available because defendant has not averred that he, defendant, continued to reside in Maryland until the period limited had expired, and the bar had become complete in that State. Section 390 of the Code of Civil Procedure provides that "where a cause of action  *  *  * accrues against a person, who is not then a resident of the State, an action cannot be brought thereon  *  *  *  after the expiration of the time limited by the laws of his residence for bringing a like action, except by a resident of the State," and in one of the cases above cited. The answer, as we have seen, avers that when the cause of action accrued, and "for some time thereafter," defendant was a resident of Maryland. The plaintiff urges that this comes short of alleging that defendant continued to reside in Maryland until the time limited for bringing an action on the judgment had expired. In support of this contention, plaintiff relies on the case of *Taylor* v. *Syme* (17 App. Div. 517), where it was held that the defense of the Louisiana Statute of Limitations was not well taken, because the defendant took up his residence in this State before the expiration of the time limit. The Court of Appeals, in reversing the Appellate Division, declined to express an opinion on this branch of the case. (162 N. Y. 519.) This decision of the Appellate Division, as well as that of the Court of Appeals, was handed down some years before section 390a of the Code of Civil Procedure went into effect. The first-mentioned decision was rendered in May, 1897, the latter in April, 1900, while section 390a of the Code of Civil Procedure went into effect September 1, 1902. This section provides as follows: "Where a cause of action arises outside of this State, an action cannot be brought, in a court of this State, to enforce said cause of action, after the expiration of the time limited by the laws of the State or country where the cause of action arose, for bringing an action upon said cause of action, except where the cause of action originally accrued in favor of a resident of this State. Nothing in this act contained shall affect any pending action or proceeding." The present action was commenced subsequent to the going into

effect of this section. As we have seen, the answer shows that the cause of action arose outside the State, *i. e.*, on a Maryland judgment; that this action at bar was brought to enforce that cause of action after the expiration of the time limited by the laws of Maryland, *i. e.*, the State where the cause of action arose, for bringing an action upon said cause of action, and that the cause of action did not originally accrue in favor of a resident of this State. I do not see why the answer does not state facts showing that plaintiff's cause of action comes within the prohibition contained in section 390a of the Code of Civil Procedure and cannot be maintained. As the demurrer must be held to admit all allegations of fact in the said defense that are material and well pleaded, it follows that defendant presents a good and valid defense to the plaintiff's cause of action. The demurrer is overruled, with costs, and with leave to plaintiff to reply to said separate defense. Give notice of settlement.