### LEHIGH VALLEY R. CO. v. COMAR.

(Circuit Court of Appeals, Second Circuit. January 7, 1907.)

#### No. 125.

**1.** LIMITATION OF ACTIONS—ACTIONS ON CAUSES ARISING IN OTHER STATES—NEW YORK STATUTE.

Code Civ. Proc. N. Y. § 390a, relating to the limitation of actions brought on causes of action arising outside of the state, and providing that it shall not "affect any pending action or proceeding" applies to causes of action existing at the time of its enactment, but on which action had not then been brought.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, §§ 16–25.]

**2.** SAME—CONSTRUCTION OF STATUTE.

Code Civ. Proc. N. Y. § 390a, which provides that "where a cause of action arises outside of this state" an action thereon cannot be maintained in a court of the state after the expiration of the time limited for bringing action thereon by the laws of the state or country where such cause of action arose, is not limited by the word "arises" to causes of action, which arose after its enactment or taking effect.

**8.** RAILROADS—PERSONAL INJURIES—ACTIONS—LIMITATIONS—SPECIAL ACT—REPEAL BY IMPLICATION.

The new Jersey act of 1881 (P. L. 1881, p. 257), providing that all actions for personal injuries against railroad companies must be brought

within two years, under the rule of construction adopted by the Supreme Court of the state, did not, by implication, repeal a special provision of the charter of a railroad company limiting the time for bringing actions against it for personal injuries to one year.

In Error to the Circuit Court of the United States for the Southern District of New York.

Writ of error to review judgment entered on a verdict of a jury in favor of plaintiff in an action for personal injuries sustained on April 7, 1902. The action was begun August 28, 1903, in the New York Supreme Court, and was removed by the defendant, which is a New Jersey corporation, to the United States Circuit Court for the Southern District of New York.

Allan McCullogh, Henry Hill Pierce, and Alexander & Green, for plaintiff in error.

J B. Wheeler and Jones & Nekarda, for defendant in error.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

TOWNSEND, Circuit Judge. The issues presented to this court by the assignments of error raise the following questions: First, Whether section 390a of the New York Code of Civil Procedure applies to this cause of action. Second, If it does so apply, whether the statute of limitations, contained in the charter of the Easton & Amboy Railroad Company, was repealed by chapter 204 of the laws of New Jersey of 1881 (P. L. 1881, p. 257).

As to the first question: Counsel for plaintiff concedes that the proper statute to be applied is that of the forum, namely, that of the state of New York.

Section 390a provides as follows:

"Where a cause of action arises outside of this state, an action cannot be brought in a court of this state, to enforce said cause of action, after the expiration of the time limited by the laws of the state or country where the cause of action arose, for bringing an action upon said cause of action, except where the cause of action originally accrued in favor of a resident of this state. Nothing in this act contained shall affect any pending action or proceeding."

This section became a law on March 21, 1902, but did not go into effect until September, 1902. This cause of action arose on April 7, 1902, the date of the accident. The specific provision in said section that it should not affect any pending action or proceeding must be construed as implying that it does affect all existing rights of action in which suit has not been brought. The contrary construction would render the provision as to pending actions entirely superfluous, because, if the statute did not apply to existing causes of action, a fortiori it could have no application to such causes of action after an action had been brought thereon.

It is further argued that the word "arises" necessarily refers to causes of action arising in the future. This cause of action arose after the passage of the act, but before it took effect. And the courts of New York in construing this section have held that it applies to causes of action in existence at the time when the act took effect. Holmes v.

Hengen, 41 Misc. Rep. 521, 85 N. Y. Supp. 25; Id., 94 App. Div. 619, 88 N. Y. Supp. 1104; Chesapeake Coal Co. v. Mengis, 102 App. Div. 15, 92 N. Y. Supp. 1003. These are not decisions of the court of last resort of the state of New York, but the reasoning and conclusions therein are manifestly in harmony with the natural and necessary construction of the act.

It is clear, therefore, that said section 390a of the New York Code applies to this cause of action. Plaintiff was a resident of New Jersey when the accident occurred and the cause of action accrued. The accident occurred in New Jersey, and the Easton & Amboy Railroad Company was a New Jersey corporation, as is its successor. The Easton & Amboy Railroad Company was incorporated in 1873, under a special act of the New Jersey Legislature, which, inter alia, provided as follows:

"All actions in court for damages resulting from the malfeasance, misfeasance, negligence, or omission, of said company, its officers or agents, shall be commenced within one year after the cause of action shall arise or accrue, or the persons sustaining such damage shall be forever barred and deprived from prosecuting or maintaining his, her, or their actions." P. L. 1873, p. 1328, § 9.

In 1875 the Constitution of New Jersey was amended so as to read in part as follows:

"The Legislature shall not pass private, local, or special laws in any of the following enumerated cases, that is to say: * * * granting to any corporation, association, or individual any exclusive privilege, immunity or franchise whatever. * * * The Legislature shall pass no special act conferring corporate powers; but they shall pass general laws, under which corporations may be organized and corporate powers of every nature contained, subject, nevertheless, to repeal or alteration, at the will of the Legislature."

Prior to 1881 the general statute of limitation in actions upon the case was six years. In 1881 the Legislature passed an act, which, inter alia, provided as follows:

"Section 1. Be it enacted by the Senate and General Assembly of the state of New Jersey, that all actions hereafter accruing for injuries to persons caused by the wrongful act, neglect, or default of any railroad corporation owning or operating any railroad within this state, shall be commenced and sued within two years next after the cause of such action shall have accrued, and not after." P. L. p. 257.

This act was in force at the time of the accident. On April 14, 1903, and more than one year after this cause of action accrued, the Easton & Amboy Railroad Company was consolidated and merged into the defendant corporation, under an act providing, inter alia, that all rights, privileges, and franchises, and all debts, liabilities, and duties of the consolidated companies should transfer and attach to the defendant company. This cause of action was barred, therefore, as against the Easton & Amboy Railroad Company before the defendant succeeded to its rights, privileges, property, and liabilities. And such one-year limitation of the Easton & Amboy Railroad Company would have inured, by virtue of said consolidation, to the benefit of the defendant. Humphrey v. Pegues, 16 Wall. 244, 21 L. Ed. 326; Tennessee v. Whitworth, 117 U. S. 139, 6 Sup. Ct. 649, 29 L. Ed. 833; Lucas v. Kentucky Cent. R. Co., 12 Ky. Law Rep. 652, 14 S. W. 965.

It is argued, however, by counsel for plaintiff that said provision effected a repeal of the one-year limitation contained in the charter enactment of 1873, and that, as the action was brought within two years from the time when it accrued, it was within the statutory limitation of the act of 1881, quoted above. In support of this argument a line of cases is cited, showing that while courts do not favor repeal of statutes by implication, yet that where the inconsistency between the prior and subsequent statutes is clear, the first statute will be held to be repealed. It is further argued that it would be entirely out of harmony with the settled policy of the state of New Jersey, as indicated by said constitutional amendment and by said section of the act of 1881, which refers solely to actions for personal injuries through the neglect, etc., of railroad corporations, that the Easton & Amboy Railroad Company or its successor should enjoy this special privilege, while other railroad corporations were subject to the two-year limitation.

We are relieved, however, from the necessity of discussing these questions by the decision of the Supreme Court of the state of New Jersey, in the case of Vail v. Easton & Amboy Railroad Co., 44 N. J. Law, 237. There the court held that the one-year limitation contained in the charter of the Easton & Amboy Railroad Company involved herein was not repealed by the general statute of limitations of the act of 1874. The court, delivering its opinion by Chief Justice Beasley, said, as follows:

"The contention therefore is in substance this: That the limitation in the supplement to the defendant's charter giving but the period of one year for the bringing of an action on the case is inconsistent with the clause in the general act which, with respect to all actions on the case, extends such period to six years. But the fallacy in this reasoning consists in the assumption that these laws are repugnant to each other. According to the well-settled legal intendment, they do not relate to the same subject-matter, and therefore cannot be inconsistent. They do not relate to the same subject-matter, because the classes of cases embraced in the general law do not involve the classes of cases comprehended by the special law. This has been repeatedly decided by this court. In the case of State v. Minton, 23 N. J. Law, 529, it was so adjudged, and under a state of facts not variant, so far as relates to present purposes, from those now under consideration. In the reported case it appeared that in the charter of the Morris Canal Company it was provided that such company should not be liable to any but a particular specified tax, and it was insisted that this exemption was repealed by the subsequent general law of 1851, which provided that 'all lands within this state, whether owned by individuals or corporations, shall be liable to taxation,' and that 'all acts and parts of acts inconsistent with the provisions of this act' should be repealed. In reply to a contention identical with that which is now urged before us the Court said: 'But the words "acts and parts of acts" in this supplement are not to be construed as embracing charters of private corporations, or as affecting privileges or immunities granted as such, even though they may be repealable. The reasonable inference always is that when the Legislature intend to take away these, they will do it in express terms, and e converso, when they do not do it in express terms, they do not intend to do it.' This doctrine was reaffirmed in the case of State v. Com'r of Railroad Taxation, 38 N. J. Law, 472, and, indeed, is recognized in a series of other decisions."

The case at bar differs from the case of State v. Minton, referred to in said opinion, because there the general statute referred to expressly provided that "all acts and parts of acts inconsistent with the provisions of this act" should be repealed.

It does not appear that any such repeal provision was inserted in the act of 1881. Therefore, under the construction placed by the state of New Jersey upon the acts of its Legislature, it must be held that the provision for a one-year limitation under the charter of the Easton & Amboy Railroad Company was not repealed by the provision for a two-year limitation in the act of 1881. We are, therefore, controlled in the construction of this statute by the decision of the court of last resort of the state of New Jersey, under the settled rule in this court.

The judgment is reversed.