## † Atwood *versus* Williams.

By § 35, c. 125, R. S., it is provided that any person, who shall perform labor or furnish materials for or on account of any vessel, building or standing on the stocks, or under repairs after having been launched, shall have a lien on such vessel for his wages or materials, until four days after such vessel is launched, or such repairs afterwards have been completed; and may secure the same by attachment on said vessel within that period.

This right of lien extends to the employee of a contractor with the owner of the vessel, although the contractor has received his pay in full from the owner.

And such lien may be secured by the employee by attachment of the vessel in a suit against his employer.

On Facts Agreed.

Assumpsit, on a receipt given by defendant to the plaintiff, to keep and re-deliver the brig "John Hathaway," &c., "which property the said officer has taken by virtue of a 'writ against Daniel Millett, and to enforce a lien provided for in c. 125, R. S., in favor of Samuel Carter," &c.

Defendant was owner and builder of the brig, and contracted with one David Millett to perform a certain part of the work. This job was performed and Millett paid.

Millett hired one Samuel Carter to assist him, but failed to pay him the entire sum due him.

To secure the balance due him, Carter commenced an action against Millett and attached the brig within four days after she was launched.

The receipt in suit was given to release that attachment. Carter obtained a judgment for his debt, and on his execution demands were duly made upon the officer, upon the plaintiff, who attached the brig, and the defendant.

If the action is maintainable, a default to be entered and judgment for debt, costs and interest of the action *Carter* v. *Millett*; otherwise a nonsuit to be entered.

*A. L. Kelly*, for defendant, maintained, that as the lien provided for by statute, could only be enforced by attachment, it was limited to those cases only where the claim was against the owner of the property. Any other construction would authorize the Legislature to confiscate any man's property. Bill of Rights, § § 20, 21.

The defendant here had no right to appear in the action against Millett, and his property cannot rightfully be taken away by force of a judgment to which he was not a party, and could not defend it.

That the lien lies only against the owner of the property was apparent from § 37 of c. 125, R. S.

Besides, the law prescribes no course by which the lien may be enforced, and in that respect was clearly defective, and was repealed by § 1, c. 159, of Acts of 1850.

The credit here was given to Millett, not for or on account of defendant or his vessel.

Furthermore, if plaintiff had a lien, it was lost by negligence in not recording the attachment.

*Hubbard*, for plaintiff, maintained, that the language of the statute provision, and the object to be accomplished, include such a case as this.

That the same question had recently been before the U. S. District Court, and decided according to the plaintiff's construction, in *Purrington* v. *Hull of New Ship*.

That the lien must be secured by attachment of the vessel and the suit must be against the person contracted with. *Ames* v. *Swett,* 33 Maine, 479.

A decision sustaining this construction in an analogous matter was found in *Spofford* v. *True,* 33 Maine, 283.

The presumption was, that the officer did all that was required of him, and no question on that matter was allowable to defendant.

TENNEY, J. — The R. S., c. 125, § 35, gives to any ship-carpenter, caulker, blacksmith, joiner, or other person, who shall perform labor, or furnish materials for, or on account of any vessel building, &c., a lien on the same for his wages or materials. This provision is as comprehensive in securing those who perform labor and furnish materials about a vessel in the process of building, or of being repaired, as is the statute of 1848, c. 72, § 1, giving to persons, who shall labor at cutting, hauling and driving logs, masts, spars or other lumber, a lien thereon. The latter has received a construction from the Court, that it extends to persons, who shall perform such labor under a person, who contracts with the owner of the lumber, equally with those, who labor under a contract with the owner himself. *Spofford* v. *True,* 33 Maine, 283; *Doe* v. *Monson,* ibid., 430. The principle of these cases is applicable to that now under consideration.

The action must be against the person, who procured the services to be performed. No other can be liable for such a claim. *Ames* v. *Swett,* 33 Maine, 479.

The vessel was properly attached for the purpose of securing the lien. And if the attachment had continued, till judgment was recovered, she could have been disposed of to satisfy the execution, which issued upon that judgment. The attachment was relinquished, in consideration of the receipt given; and it differs in no essential particular from receipts taken for any other property attached on mesne process.

The defendant has failed to fulfil the promise made in the receipt, and according to the agreement he must be

*Defaulted.*