BARRETT ET AL. *v.* MILLIKAN.

[No. 19,063. Filed April 23, 1901.]

MECHANIC'S LIEN LAW.—*Constitutionality.*—*Due Process of Law.*— *Obligation of Contracts.*—The act of March 6, 1883, known as the mechanic's lien law (§7255 *et seq.,* Burns 1894), is not unconstitutional as depriving the landowner of property without due process of law, or as impairing the obligations of contracts, since the landowner makes the contract with full knowledge of all the obligations imposed upon him, and therefore binds his property by his own voluntary act. *pp. 511-516.*

MECHANIC'S LIEN LAW.—*Constitutionality.*—*Class Legislation.*—The mechanic's lien law of 1883 is not unconstitutional, as granting to one class of citizens privileges not granted to others, since it applies equally to all citizens of the State who bring themselves within the scope of its provisions. *p. 516.*

From the Marion Superior Court. *Affirmed.*

*W. R. Gardiner, C. E. Barrett* and *E. A. Brown,* for appellants.

*J. E. Kepperley,* for appellee.

DOWLING, C. J.—This action was brought by the appellee, Millikan, against the appellants, Barrett and wife, to enforce a lien for materials furnished for and used in the repair of a dwelling-house erected on a lot owned by Barrett in the city of Indianapolis, Marion county, Indiana. The materials were sold by E. H. Eldridge & Co., an incorporated company, to one Roberts, who had the contract for making the repairs, and notice of the lien claimed was filed by that company. They afterwards sold and assigned the claim and lien to the appellee. In addition to a general denial, Barrett and wife filed a special answer setting up, among other things, the fact that before the filing of the notice, and without any knowledge of the claim and lien of Eldridge & Co., or of the appellee, Barrett paid Roberts, the contractor, in full.

The errors assigned and discussed present the question of the constitutionality of the act generally known as the Mechanics' Lien Law. Acts 1883, p. 140; Acts 1885, p. 95; Acts 1889, p. 257; §§7256, 7257, 7258, 7259 Burns 1894.

The validity of these acts, so far as they apply to the facts stated in the answer, is assailed on the following grounds: (1) The act seeks to deprive the owner of land of his property without due process of law, and denies him the equal protection of the laws as guaranteed by the Constitution of the United States. (2) It attempts to create a lien upon real estate without notice to the owner, and without any contract between the person claiming the lien

and such owner, and it impairs the obligation of contracts. (3) It interpolates into private contracts provisions' for liens of third parties with whom the owner of the real estate has no contractual relation, and impairs the obligations of private contracts, and interferes with the rights of owners of real estate to make contracts relating to the improvement thereof. (4) It attempts to give one class of citizens rights not granted to all other citizens, and is therefore class legislation. (5) The act is not·general in its operation, but is limited to a class of citizens of the State.· (6) It purports to grant to one class of citizens engaged in mercantile and.manufacturing pursuits privileges which do not belong to and which are not granted to all other citizens of the :State engaged in like pursuits.

These six objections may fairly be reduced to three, viz., (1) the act authorizes the appropriation of the property of the landowner without due process of law; (2) it impairs the obligation of contracts; (3) it grants to one class of citizens privileges not granted upon the same terms to others.

In discussing the case, counsel for appellants also contend that the statute violates the Bill of Rights, §§1, 21, 22, article 1, because it is injurious to the well-being of the citizens of the State; because it demands the particular services of the landowner in protecting the interests of , the subcontractor, or material man, without compensation; and because it interferes with the freedom of the citizen to make contracts for the improvement of his property. .  ·

While the constitutionality of similar statutes has been denied in some courts of last resort, their validity has generally been recognized. . The principal authorities on each side of the question are collected in the leading text-books and need.not be mentioned here. Boisot on Mechanics' Liens, §§22-31; Jones on Liens (2nd ed.), §1184, et seq.

. The principle upon which the claims of both contractors and subcontractors are usually held to rest was clearly stated by Shaw, C. J., in the early case of *Donahy* v. *Clapp,*

12 Cush. 440: "Before the statute of 1851, no one could create such a lien by a building contract, except the owner, or person having an interest therein, to the extent of such interest. But by that statute, one who had contracted with the owner to erect a building had power, by his subcontract with another for the whole or part of the work, to create a similar lien on the estate in favor of such subcontractor. * * * Before that statute took effect as law, the contract gave a lien to Hilt [the original contractor] only, which was the act of the owner charging his own estate. But under the operation of that statute, a precisely similar contract by the owner of land would give the subcontractor a power to bind the estate by other liens in favor of subcontractors, for labor thereon. Such liens, in favor of such subcontractors, would equally bind the estate by consent of the owner; because such a contract, by force of the existing law when it was made, of which the owner is presumed to be conusant, gives his irrevocable power to his contractor, to charge and bind his estate; and when such power is executed by the actual making of such subcontract for labor, it is in law the act of the owner, hypothecating his own estate to the extent of the price of such labor." Phillips on Mech. Liens, §§65, 79; *Laird* v. *Moonan,* 32 Minn. 358, 20 N. W. 354; *O'Neil* v. *St. Olaf's School,* 26 Minn. 329, 4 N. W. 47; *While* v. *Miller,* 18 Pa. St. 52; *Deardorff* v. *Everhartt,* 74 Mo. 37; *Spofford* v. *True,* 33 Me. 283, 291, 54 Am. Dec. 621; Jones on Liens, §§1304, 1306.

The judgment in *Jones* v. *Great Southern, etc., Co.,* U. S. C. C. for southern district of Ohio, 79 Fed. 477, referred to in appellants' brief, was overruled by the Circuit Court of Appeals, 86 Fed. 370, 30 C. C. A. 108, Lurton, J., Taft, J., and Clark, District J., sitting. The opinion of the court was delivered by Lurton J., who fully reviewed the Ohio statutes on the subject of mechanics' liens, and said: "The validity of such statutes need not be rested upon mere au-

thority. They find sanction in the dictates of natural justice, and most often administer an equity which has recognition under every system of law. That principle is that every one who, by his labor or materials, has contributed to the preservation or enhancement of the property of another, thereby acquires a right to compensation. * * * The legal effect of the contract is to give a lien to all who, at the instance of his contractor, shall be employed to furnish labor or materials for the work which he has let out. So far as such a statute is limited to future contracts, it cannot be said to impair the obligation of a contract. If the law be subject to no other objections, it impairs no contract, for all thereafter made are entered into upon the basis of the law. * * * Neither can the owner be said to be thereby deprived of his property without due process of law. He has voluntarily made a contract with the law before him. He has thereby subjected his property to liability for certain debts of the contractor. His own voluntary consent is an element in the transaction. He knows what the law is, and makes a contract under that law. It is idle to say that under such circumstances he is deprived of his property without due process of law."

The material point decided in *Schroeder* v. *Galland,* 134 Pa. St. 277, 287, 19 Atl. 694, 7 L. R. A. 711, also cited by appellants' counsel, was that the subcontractor was bound to know the precise nature and extent of the agreement of the contractor, and that he could not obtain a lien in contravention of a covenant in that agreement prohibiting all liens.

It has been held that a statute, which allows subcontractors a lien, even though the owner has paid the contractor in full, is not unconstitutional on the ground that it unreasonably limits the owner's power to contract. *Laird* v. *Moonan,* 32 Minn. 358, 20 N. W. 354; *Atwood* v. *Williams,* 40 Me. 409; *Henry* v. *Evans,* 97 Mo. 47, 10 S. W. 868. And that such a statute does not impair the obli-

gation of contracts. *Albright* v. *Smith,* 3 S. Dak. 631, 54 N. W. 816; *Spokane Mfg., etc., Co.* v. *McChesney,* 1 Wash. 609, 21 Pac. 198.

The question of the constitutionality of this act was thoroughly examined and emphatically decided by this court in *Smith* v. *Newbaur,* 144 Ind. 95. It was held in that case that the act was not objectionable on the ground that under it the owner might be deprived of his property without due process of law; that the owner contracts in contemplation of the statute, and that the statute does not restrict the ability of the owner to contract. These views, we think, are sound, and upon similar grounds statutes of the same kind have been sustained in most of the states of the Union.

The objections taken to the statute in the brief of counsel for appellants seem to rest upon supposed hardships and inconveniences which may result from it, rather than upon constitutional grounds. A very conclusive answer to these criticisms is furnished by the decision in *Colter* v. *Frese,* 45 Ind. 96, in which the court by Worden, J., say: "Many arguments have been pressed upon our consideration in respect to this point, as well as upon the question whether a lien can be acquired on account of work done for, or materials furnished to, a contractor, and not the owner. The most of them are based upon the real or supposed hardships of the law, as we construe it, in this, that in many cases it subjects the owner to the liability of making double payment for the same work or materials, and prevents him from making contracts for the erection of buildings and the furnishing of materials therefor, to be paid for otherwise than in money, and other similar inconveniences. These arguments might have much force if addressed to the legislature, whose province is to make the law, but can have little weight against the clear and unequivocal terms of a statute, when addressed to a court, whose province is to determine what the law is, and not what it ought to be. * * * Its object is to secure to the mechanic, laborer, or materialman,

compensation for his work or materials. It prevents the owners of real estate from securing to themselves, without compensation, the benefits of the labor and materials of others, by means of low contracts with irresponsible or perhaps dishonest contractors. The inconveniences of the law do not seem to us to be insuperable. The owner may withhold from the contractor, for the period of sixty days after the completion of the work, enough to protect the property from liens for work or materials. If full payment is made at the end of that time, it is perhaps quite as prompt as payments are usually made."

The last objection to the statute, taken by the appellants, that the act favors a particular class of citizens to the exclusion of other citizens, is not sustained either by reason or authority. The classification is just, natural, and reasonable. It is open to all, and it applies equally to all the citizens of the State who bring themselves within the remedial scope of this act. Gilson v. Board, etc., 128 Ind. 65; Consumers Gas Trust Co. v. Harless, 131 Ind. 446; Pennsylvania Co. v. State, 142 Ind. 428.

In the case before us, we fail to perceive any real hardship. For all that appears in the answer, the appellant failed to exercise any diligence to discover whether any claims for materials remained unpaid before he paid the contractor in full, or to take any precautions to secure himself against imposition or loss. If he has sustained loss, that result cannot justly be charged upon the statute. We find no error. Judgment affirmed.