# CINCINNATI, HAMILTON AND DAYTON RAILWAY COMPANY *v.* McCULLOM, ADMINISTRATOR.

[No. 22,742.   Filed June 16, 1915.   Rehearing denied October 13, 1915.]

1. PLEADING.—*Complaint.—Supplemental Complaint.—Demurrer.*—A complaint and supplemental complaint are to be considered together as a single pleading when tested by a demurrer.   p. 559.

2. ACTION.—*Personal Injuries.—Survival on Death of Injured Person.*—An action for personal injuries sustained by plaintiff abates upon his death and, in the absence of statutory provision therefor, the cause of action will not survive to his administrator.   p. 559.

3. CONSTITUTIONAL LAW.—*Equal Protection of the Laws.—Constitutional Provisions.*—The 14th amendment to the Federal Constitution is a prohibition against the states forbidding them to deny to any person the equal protection of the laws and requires that all burdens and liabilities imposed by law shall rest equally upon all persons under like circumstances and conditions, thus preventing the curtailment of rights, while §23, Art. 1 of the State Constitution prohibiting the granting of privileges or immunities to any citizen or class of citizens forbids the granting of privileges or immunities which upon the same terms shall not belong to all citizens, thus preventing the enlargement of the rights of some in discrimination against the rights of others.   p. 560.

4. CONSTITUTIONAL LAW.—*Equal Protection of the Laws.—Constitutional Provisions.*—The privileges and immunities provisions of the 14th amendment to the Federal Constitution and §23, Art. 1, of the State Constitution do not forbid the classification of persons for legislative purposes, if the classification is a natural and reasonable one; so that where the situation, conditions and circumstances of the persons included within the class to which a law is made to apply so differ from those of others not so included as to indicate the necessity or propriety of making the law applicable only to those included, and the law is so framed as to apply to all to whom the reason applies and to exclude all whom the reason excludes, it will be deemed a general law and not violative of such constitutional provisions.   p. 561.

5. CONSTITUTIONAL LAW.—*Class Legislation.—Reasonableness of Classification.*—There is no precise rule of reasonableness of classification, and a classification on which a statute is based does not condemn the statute merely because it is not framed with such mathematical nicety as to include all within the reason of the classification and to exclude all others.   p. 561.

Cincinnati, etc., R. Co. *v.* McCullom—183 Ind. 556.

6. CONSTITUTIONAL LAW.—*Survival of Actions.*—*Class Legislation.* —*Statutes.*—The purpose of §286 Burns 1914, Acts 1897 p. 227, providing that where plaintiff in a personal injury case dies pending an appeal from a judgment in his favor, and the judgment is reversed and new trial ordered, the claim shall survive to his personal representatives, is clearly to provide for the survival of actions of a certain class, but the classification is reasonable, practical and not palpably arbitrary, and therefore not violative of §23, Art. 1, of the State Constitution or of the 14th amendment to the Federal Constitution. p. 562.

7. APPEAL.— *"Perfected Appeal".*— An appeal is perfected at the time the transcript and assignment of errors are filed. p. 563.

8. CONSTITUTIONAL LAW.—*Equal Protection of the Laws.*—*Classification Statutes.*—*"Pending Such Appeal".*—*"Pending".*—Section 286 Burns 1914, Acts 1897 p. 227, providing for the survival of actions for personal injuries where appeal has been taken from a judgment for plaintiff and he dies "pending such appeal", etc., is not to be construed as limiting the survival to cases where the injured person dies after the appeal has been perfected; but as providing for such survival where the death occurs while awaiting an appeal or during the continuance of the appeal, since the words, "pending such appeal" mean during the time before appeal and while the same is impending, and the word "pending" means during the time intervening before, awaiting, until; and hence the statute is not unconstitutional as class legislation. pp. 564, 565.

9. CONSTITUTIONAL LAW.—*Statutes.*—*Construction in Favor of Validity.*—Where there is a reasonable doubt as to the meaning of a statute, the court in construing it should adopt the meaning which will render the act constitutional, since legislative enactments are to be upheld as constitutional unless the contrary appears beyond a reasonable doubt. p. 565.

10. CONSTITUTIONAL LAW.—*Due Process of Law.*—*Statutory Provisions.*—Section 286 Burns 1914, Acts 1897 p. 227, providing that on the death of plaintiff in a personal injury case pending appeal from a judgment in his favor, the claim, in case the judgment is reversed, shall survive to the personal representative of decedent, does not operate to deprive the defendant of property without due process of law where an action thereunder is prosecuted to final judgment by the personal representative, since the effect of the statute is merely to compel compensation for the injuries occasioned by the wrongful act and imposes no liability which decedent could not have enforced had he lived. p. 566.

11. APPEAL.— *Objections to Complaint.*— *Waiver.*— Objections to a complaint though set out in the memorandum filed with the demurrer, are waived on appeal by appellant's failure to discuss them in its brief. p. 567.

12. DEATH.— *Personal Injuries.— Action by Personal Representative of Injured Person.—Settlement With Heirs.*—An action surviving to the personal representative of the deceased plaintiff in a personal injury case under §286 Burns 1914, Acts 1897 p. 227, is not one created for the exclusive benefit of those who suffer loss by death, but is based upon the wrong inflicted upon the person of the deceased, and is an action in which the amount recovered, if any, is measured from the standpoint of the deceased, inures to the benefit of his estate, and is subject to the payment of the costs and expenses of administration as well as to the payment of the debts of decedent, before any distribution to the heirs; hence an attempted release by the heirs can constitute no defense to such action. (*Pittsburgh, etc., R. Co.* v. *Hosea* [1899], 152 Ind. 412, and *Pittsburgh, etc., R. Co.* v. *Moore* [1899], 152 Ind. 345, distinguished.)   p. 567.

13. DEATH.—*Personal Injuries.—Action by Personal Representative of Injured Person.—Settlement With Heirs.*—In an action by the personal representative of a deceased plaintiff in a personal injury case under §286 Burns 1914, Acts 1897 p. 227, an answer in bar alleging releases by the heirs of decedent but failing to aver that the costs and expenses of administration, had been paid and that there were no creditors of the estate was insufficient on demurrer.   p. 570.

14. MASTER AND SERVANT.—*Injuries to Servant.—Assumption of Risk.—Evidence.*—In determining whether an injured servant had knowledge of the danger, all the facts and circumstances proven are proper for consideration, and though there is no direct evidence of the ultimate fact, a finding of want of knowledge is sustained by sufficient evidence, where the facts and circumstances shown warranted the inference that he had no knowledge, since it is only where the evidence points neither one way nor the other that plaintiff must fail for want of affirmative proof.   p. 570.

15. DAMAGES.—*Personal Injuries.—Measure of Damages.—Instructions.*—In an action to recover for personal injuries prosecuted by the personal representative of the injured person under §286 Burns 1914, Acts 1897 p. 227, a requested instruction that in assessing the damages defendant was entitled to credit for any amount decedent may have received as sick benefits on account of his injuries, was properly refr      ·      ereunder the consideration of benefits to which           ' not contributed would have been authorized.   p. ƒ

From Marion Circuit Court (15,٥٥⸗, ,           · *Remster,* Judge.

Action by Joseph McCullom, administrator of the estate of Joseph W. Roebuck, deceased, against the Cincinnati,

Hamilton and Dayton Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Elam, Fesler & Elam,* for appellant.

*J. Burdette Little* and *William F. Elliott,* for appellee.

LAIRY, J.—This action was originally brought by Joseph W. Roebuck to recover damages for personal injuries sustained while he was employed as brakeman. Roebuck became insane and his guardian obtained a judgment against appellant from which it appealed. The judgment was reversed by the Appellate Court and a new trial ordered. *Cincinnati, etc., R. Co.* v. *McCullom* (1911), 47 Ind. App. 184, 93 N. E. 1033. After the case was certified to the trial court appellee filed a supplemental complaint in which it is shown that Joseph W. Roebuck died pending the appeal and that appellee was appointed as his administrator and as such had been substituted as appellee by an order of the Appellate Court while the cause was pending in that court.

Appellant filed a demurrer addressed to the complaint and supplemental complaint upon the ground that such complaints taken together do not state facts sufficient to constitute a cause of action. It is well settled that a complaint and a supplemental complaint are to be considered together as a single pleading when tested by demurrer. *Morey* v. *Ball* (1883), 90 Ind. 450; *Peters* v. *Banta* (1889), 120 Ind. 416, 22 N. E. 95, 23 N. E. 84. By the memorandum attached to the demurrer the complaint and supplemental complaint are assailed because the allegations therein contained show that the person in whose favor the cause of action for personal injury arose was dead at the time the supplemental complaint was filed. At common law a right of action for personal injuries did not survive the person injured, and in case an action had been brought it abated upon the death of either party. *Boor* v. *Lowrey* (1885), 103 Ind. 468, 3 N. E. 151, 53 Am. Rep. 519; *Burns* v. *Grand Rapids, etc., R. Co.*

(1888), 113 Ind. 169, 15 N. E. 230, 1 R. C. L. §26, p. 31. The cause of action in this case abated upon the death of Roebuck and no cause of action survived to his administrator unless the common law has been changed by statute in this State. Section 286 Burns 1914, Acts 1897 p. 227, if valid, provides for the survival of actions such as this, but if it is unconstitutional as claimed by appellant, it is without force or effect.

Appellant takes the position that this statute violates the provisions of the 14th amendment to the Federal Constitution and also §23, Art. 1 of the Constitution of Indiana. The 14th amendment to the Federal Constitution is a prohibition against the States, and the portion upon which appellant relies reads as follows: ''No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.'' Article 1, §23 of the Constitution of Indiana is in these words: ''The General Assembly shall not grant to any citizen, or class of citizens privileges or immunities which, upon the same terms, shall not belong to all citizens.'' One of the principles upon which our government is founded is that of equality of right and this principle is emphasized in that clause of the 14th amendment which prohibits any State from denying to any person within its jurisdiction the equal protection of the laws. This constitutional guaranty secures to every person his constitutional rights and requires that all burdens and liabilities imposed by law shall rest equally upon all persons under like circumstances and conditions. The provisions of the State Constitution heretofore quoted is the antithesis of the 14th amendment in that it forbids the granting of privileges, or immunities and exemptions from burdens otherwise common, which under like circumstances and conditions are not granted to all citizens. The one prevents the curtailment of constitutional rights, the

other prevents the enlargement of the rights of some in discrimination against the rights of others.

These constitutional provisions do not forbid a classification of persons for legislative purposes. Laws which impose burdens and liabilities, or which grant privileges and 4. immunities must be general in their nature and not special; but a law is not necessarily special because it applies only to one class of persons to the exclusion of others. If the situation, conditions and circumstances of the persons included within the class to which the law is made to apply, so differ from those of others not so included, as to indicate the necessity or propriety of making the law applicable only to those included within its terms, and if the law is so framed as to apply to all to whom the reason applies and to exclude all whom the reason excludes, it will be deemed a general law. Such an act does not conflict with either of the constitutional provisions heretofore quoted. Natural and reasonable classification is permitted; arbitrary selection is forbidden. *Barrett* v. *Millikin* (1901), 156 Ind. 510, 60 N. E. 310, 83 Am. St. 220; *Indianapolis St. R. Co.* v. *Robinson* (1901), 157 Ind. 414, 61 N. E. 936.

The power of the legislature is not without limitations but, necessarily, this power must have a wide range of discretion. There is no precise rule of reasonableness of classifi- 5. cation, and the rule of equality permits many practical inequalities. A classification having some reasonable basis is not to be condemned merely because it is not framed with such mathematical nicety as to include all within the reason of the classification and to exclude all others. Exact exclusion and inclusion is impractical in legislation. It is almost impossible to provide for every exceptional and imaginary case, and a legislature ought not to be required to do so at the risk of having its legislation declared void, even though appropriate and proper as applied to the general subject upon which the law is intended to operate. *Ma-*

*goun* v. *Illinois Trust, etc., Bank* (1898), 170 U. S. 283, 294, 18 Sup. Ct. 594, 42 L. Ed. 1037; *Louisville, etc., R. Co.* v. *Melton* (1910), 218 U. S. 36, 30 Sup. Ct. 676, 54 L. Ed. 921.

Bearing in mind the general principles heretofore stated, we come now to a consideration of the statute before us, realizing that it is less difficult to state principles of law than it is to make a correct and just application of these principles to a particular statute. The statute under consideration is in these words: "That whoever has a claim for personal injuries and obtains judgment for the same against any person, company or corporation in any trial court of this state, and from which judgment any person, company or corporation against whom or which the same was obtained shall appeal to the supreme or appellate court of this state, and such judgment be reversed by such supreme or appellate court and a new trial shall be granted to appellant thereon; and if the person who obtained such judgment should die, pending such appeal, or before a new trial after such reversal can be had; such claim for personal injuries shall survive and may be prosecuted by the personal representatives of such decedent, as other claims are prosecuted for and on behalf of decedents' estates." This statute is inaccurately worded, the verb in the principal sentence being omitted, and yet the meaning of the act is apparent. Its purpose is to provide for the survival of certain actions and it is not seriously contended that the classification is improper which limits its application to actions resulting from personal injuries. The class of persons having claims for personal injuries is divided and a sub-class is carved therefrom including those who die after their claims have been reduced to judgment and whose judgment shall be appealed to a higher court and reversed with directions for a new trial. By the provisions of the act, the person dying must fall within this sub-class, or his right of action can not survive to his administrator. This classification does not seem to be without reason to sustain it. The legislature

may have intended that only such claims for damages should survive as were meritorious, and the fact that a claim should be reduced to judgment in a trial court may have been taken as the criterion of merit upon which the classification was based. Of course this is not an exact criterion. It is possible that some claims which are meritorious will not be reduced to judgment during the lifetime of the claimants, and that some claims may be so reduced to judgment and still be without merit, but the classification will not be condemned on that account. The purpose of the legislature in making the classification is apparent, and a basis of classification was adopted which was intended to give effect to such purpose, and it is doubtful if any other basis of classification could have been adopted which would have more nearly accomplished the result intended. The classification is practical and not palpably arbitrary, exact exclusion and inclusion is impractical and is not required. *Ozan Lumber Co.* v. *Union County Bank* (1907), 207 U. S. 251, 28 Sup. Ct. 89, 52 L. Ed. 195; *State* v. *Fairmount Creamery Co.* (1911), 153 Iowa 702, 133 N. W. 895, 42 L. R. A. (N. S.) 821; 6 R. C. L. §373, p. 380. If a person dies after his claim for personal injuries has been reduced to judgment and no appeal is taken from such judgment, or if such judgment is affirmed on appeal it is an asset of his estate and no necessity exists for the survival of the action in that event, and so, in case of reversal on appeal without allowing a new trial the cause of action would be terminated and could not survive. The survival of the action in favor of the personal representative of one who dies after judgment in his favor could be of no advantage unless the judgment should be reversed on appeal and a new trial ordered. The reason for this limitation seems to be quite apparent.

7. It is claimed by appellant, however, that the act does not confer its benefits equally upon all persons whose claims for personal injuries have been reduced to judgment and whose judgments have been appealed

from and reversed with directions for a new trial, but 8. that it applies to only such judgment plaintiffs as die after an appeal from the judgment in their favor has been perfected, and that it excludes such as die after judgment in their favor but before an appeal is perfected. An appeal is perfected at the time the transcript and assignment of errors are filed. *Lake Erie, etc., R. Co.* v. *Watkins* (1902), 157 Ind. 600, 62 N. E. 443. If the statute must be given the meaning for which appellant contends, it is clearly unconstitutional. No reason can be suggested or imagined which would justify a classification by which the right of the survival of an action should be conferred in case a judgment plaintiff died after an appeal was perfected, but which withheld such right under circumstances otherwise similar in case the death occurred after judgment and before the appeal was perfected. This would amount to arbitrary selection and would not constitute a classification upon any reasonable basis, for any reason which could apply in favor of one would apply with equal force in favor of the other.

The validity of this statute must depend, therefore, upon the construction which is to be placed upon it. The part of the statute bearing upon this phase of the controversy is as follows: "if the person who obtained such judgment should die, pending such appeal, or before a new trial, after such reversal can be had; such claim for personal injuries shall survive." If the words "pending such appeal", are to be construed to mean, during the time intervening after the appeal is perfected and before it is finally decided, the contention of appellant as to the effect of the act must be sustained; but, if those words can be given a broader and more comprehensive meaning so as to include all of the time intervening after judgment in the trial court and before the termination of the proceeding, the statute may be sustained as a constitutional enactment. Both the Standard Dictionary and Webster's Dictionary define "pending" as having a double meaning. The first meaning given is "during the

continuance of'', and the second, "during the time intervening before; awaiting; until." In the second sense the words, "pending such appeal", would mean during the time before appeal and while the same was impending; while awaiting the appeal. If the legislature used the word "pending" in the double sense heretofore indicated, the statute should be held to mean that the action should survive in favor of the personal representatives of a judgment plaintiff, under the other conditions named, in case he died while awaiting the appeal or during the continuance of such appeal. When given this construction the act in question is constitutional. Where there is a reasonable doubt as to the meaning of a statute it is the duty of the court in construing it, to adopt the meaning which will render the act constitutional. An act of the legislature should be upheld by the court unless its repugnancy to the Constitution clearly appears beyond a reasonable doubt. *Clare* v. *State* (1879), 68 Ind. 17; *Kraus* v. *Lehman* (1908), 170 Ind. 408, 83 N. E. 714, 84 N. E. 769, 15 Ann. Cas. 849; *Smith* v. *Board, etc.* (1910), 173 Ind. 364, 90 N. E. 881, and cases cited.

In the case of *Riggins* v. *Thompson* (1902), 96 Tex. 154, the court issued a restraining order by the terms of which a time was fixed for the hearing and the defendant was restrained from doing specified acts "pending such hearing". In construing this order it was held to mean, until and during such hearing. There are some other decisions not so much in point which reflect some light on the question here under consideration. *Walters* v. *State* (1885), 18 Tex. App. 8; *Lehigh Valley R. Co.* v. *Comar* (1907), 151 Fed. 559, 81 C. C. A. 39. While the language used is not the most apt that could have been used to express the intent of the legislature, the court is of the opinion that the act was intended to provide for the survival of the cause of action in every case where a person having a claim for personal injuries should obtain a judgment therefor and

afterward die during the time that such judgment was suspended by appeal.

It is further asserted on behalf of appellant that the enforcement of the section of the statute under consideration would deprive it of property without due process of law in violation of the provisions of the State and Federal Constitutions on this subject. As a basis to support the proposition thus asserted appellant states that the cause of action which this statute seeks to preserve to the administrator is the same cause of action which inured to his decedent for damages on account of personal injuries suffered by him in his lifetime, including compensation for pain and humiliation endured by him as a result of his injuries; and the argument based thereon is to the effect that damages of the character mentioned are strictly personal to the injured party, that they can not inure to the benefit of anyone else, and that no statute can be valid which requires damages of this nature to be paid to an administrator for the benefit of heirs and creditors of the decedent, for the reason that money paid on such a judgment would be a mere gratuity so far as the heirs and creditors are concerned. In this way appellant reaches the conclusion that the enforcement of this statute would deprive it of property without due process of law. It can not be doubted that the cause of action is the same which existed at common law as a result of the injuries inflicted by reason of the fault or negligence of the person or corporation which caused the injury; but it does not follow that a statute which permits a recovery of such damages by the administrator of such injured party in case he fails to prosecute his suit to final judgment in his lifetime, results in the taking of the property without due process of law. Damages resulting from injuries to the person caused by the negligence or wrongful conduct of another are recognized as legal claims and may be enforced as such. If, during the lifetime of the injured party, the damages are paid or the claim is reduced to final judgment, the

money so received or the judgment so recovered would constitute a part of the estate of the party injured; and, in case of his death, such money if unexpended, or such judgment if unpaid, would go to his personal representative for distribution. If a person incurs a liability to another on account of injuries negligently or wrongfully inflicted on his person and thus becomes liable to make compensation for such injuries, he has no reason to complain of a law which provides that such damage may be recovered in behalf of the estate of such injured person in the event of his death before realizing on such claim. Such a statute requires only that compensation be made for the injuries occasioned, and it requires that such compensation be made only once. It imposes no liability in favor of the estate of an injured party which could not have been enforced in his favor had he lived. Statutes providing for the survival of such actions have been enacted in many of the states and, under such statutes compensation for pain ·and suffering has been recognized as an element of the damage which the personal representative of the injured party might recover in behalf of the estate. *Chicago, etc., R. Co.* v. *O'Connor* (1887), 119 Ill. 587, 9 N. E. 263; *Hansford's Admx.* v. *Payne & Co.* (1875), 74 Ky. 380; *Atchison, etc., R. Co.* v. *Rowe* (1896), 56 Kan. 411, 43 Pac. 683.

Other objections to the complaint pointed out in the memorandum filed with the demurrer are waived by a failure to discuss them in appellant's brief. The com-

11. plaint and supplemental complaint are not open to the objections pointed out and the demurrer thereto was properly ·overruled.

The next error assigned relates to the action of the court in sustaining the demurrer of appellee to the second paragraph of answer filed as a partial defense. From this

12. paragraph of answer it appears that Joseph W. Roebuck at his death left no widow or children surviving him and that his nearest relatives were his father and mother

and certain brothers and sisters all of whom are named in such answer, and it is averred that they were his sole and only heirs. It is averred that after the death of Roebuck all of the heirs named entered into an agreement of settlement with the defendant, which is set out in the answer, and that they were paid a stated sum of money at the time such settlement was made. By its prayer for relief defendant asked that plaintiff take nothing by his complaint in behalf of the interest of the heirs and beneficiaries of the estate of Joseph Roebuck.

In an action brought by the administrator to recover for the wrongful death of his decedent under the provisions of §285 Burns 1914, Acts 1899 p. 405, it was held that a release executed by the widow of decedent in accordance with the provisions of a voluntary relief certificate in which she was named as beneficiary, might be pleaded as a defense to so much of the damages as would inure to her benefit as one of the persons for whose benefit an action may be maintained under the express provisions of that section of the statute. *Pittsburgh, etc., R. Co.* v. *Hosea* (1899), 152 Ind. 412, 53 N. E. 419; *Pittsburgh, etc., R. Co.* v. *Moore* (1899), 152 Ind. 345, 53 N. E. 290, 44 L. R. A. 638. It will be observed that the statute which controlled the decision in these cases gives a new cause of action to be prosecuted by the personal representatives of the decedent for the exclusive benefit of the widow, or widower, as the case may be, and children if any, or the next of kin, to be distributed in the same manner as personal property of the decedent. The action given by this statute is not a continuation of any action existing in favor of the deceased person prior to his death, but it is a new action which springs into being at his death. It does not rest upon the basis of an injury to the estate of the decedent, but its foundation is a loss sustained by certain persons designated by the statute to receive the benefits of a recovery. The amount of the recovery must be distributed in the pro-

portions fixed by the statute providing for the distribution of personal property of deceased persons and no part of the amount recovered can be applied to the payment of general creditors of the estate. Under such a statute it is possible to ascertain the exact proportion in which the recovery will be distributed among the beneficiaries named in the complaint, and if one settles or releases the portion of the damages which would inure to his benefit it is practical to diminish the total damages by the amount of the share so released and thus to give effect to an answer setting up such a release as a partial defense. While the reasons for permitting such an answer in actions founded upon §285, *supra*, are apparent, there are other reasons equally cogent which preclude the consideration of such an answer in an action prosecuted under §286, *supra*. The latter statute provides for the survival of the cause of action which existed in the deceased person prior to his death. The action which the personal representative is permitted to prosecute is not one created by statute for the exclusive benefit of those who suffer loss by death, but is a cause of action which comes to the representative by survival and the recovery, if any, inures to the benefit of the estate. The cause of action is based upon the wrong inflicted upon the person of the decedent, and the amount of recovery is measured from the standpoint of the decedent and not from that of any fixed beneficiaries. *Kling* v. *Torello* (1913), 87 Conn. 301, 87 Atl. 987, 46 L. R. A. (N. S.) 930. The amount recovered is subject in the hands of the executor or administrator to the payment of the costs and expenses of administration as well as to the payment of the debts of the estate, and if any balance remains it must be distributed in accordance with the statutory provisions on that subject. Under this statute, an heir is not entitled to receive any definite portion of the amount recovered free from the claims of creditors, but his interest is subject to the settlement of the estate, and it cannot be known until the estate is settled

that anything will remain for distribution. The heirs have no primary interest in the claim, the legal title to which is in the executor or administrator. If an attempted release by heirs can be considered as an equitable assignment of the amount due them on final distribution of the estate, it is apparent that there is no practical means of ascertaining, in advance of such final settlement, the value or amount of the damages so released, or the proportion that the same would bear to the total damages recoverable. A release by a part or all of the heirs of the decedent can not be pleaded as a defense to any definite or distinct portion of the claim upon which the action is based, for the reason that there is no means of ascertaining the amount by which the total damages should be diminished by reason of the facts so pleaded. The demurrer to the second paragraph of answer was correctly sustained.

The demurrer to the third paragraph of answer was correctly sustained for the reason already stated. By this paragraph the release is pleaded as a bar to the 13. action but it is not averred that the costs and expenses of the administration of the estate have been paid, or that there were no creditors of the estate of Joseph W. Roebuck. An averment that there are no creditors who have filed claims against such estate is not equivalent to an averment that there are no such claims.

It is also assigned that the trial court erred in overruling appellant's motion for a new trial. The question of whether there was sufficient evidence to support the 14. verdict is raised and argued by appellant on a request for a peremptory instruction in its favor and upon specific assignments under its motion for a new trial. The particular phase of the evidence assailed is that on the issue of assumption of risk. Appellant asserts that there is no evidence that Roebuck had no knowledge of the defect which caused his injury. In determining the question of want of knowledge of the danger it is proper to take into

consideration all of the facts and circumstances proven in the case and it is not necessary that proof be made by direct evidence. From all of the facts and circumstances shown by the evidence the jury was warranted in inferring that decedent had no knowledge of the defect which caused his injury even though there was no direct evidence of the ultimate fact. It is only where the evidence points neither one way nor the other that the plaintiff must fail for want of affirmative proof.

Appellant's brief questions the correctness of the trial court's action in giving to the jury over appellant's objection instruction No. 19, and in refusing to give at its request instruction No. 12, which actions are assigned as causes for a new trial. Appellant's objections to instruction No. 19 are without weight. The instruction was more favorable to appellant than appellant could ask and we fail to see how the giving of such an instruction could have prejudiced appellant's case in any way. By instruction No. 12 appellant sought to have the jury charged that in assessing the amount of damages defendant was entitled to credit for any amount Roebuck might have received by way of sick benefits on account of his injuries. Under such an instruction pecuniary benefit received by an injured party to which a defendant had not contributed could be used as a defense in mitigation of damages resulting from the wrongful act of such defendant. The impropriety of such an instruction can readily be seen.

The jury assessed damages in the sum of $2,250. Under the evidence this amount was not excessive. The motion for a new trial was properly overruled. From a consideration of the whole record the case seems to have been fairly tried upon its merits and the judgment of the trial court is affirmed.

NOTE.—Reported in 109 N. E. 206. As to equal protection of laws, see 25 Am. St. 873. On the settlement of the cause of action for death by beneficiaries without assent of executor or administrator, see 35 L. R. A. (N. S.) 207. Law governing survival of action, Ann.

Cas. 1914 B 114; Ann. Cas. 1912 A 1263. See, also, under (1) 31 Cyc. 511; (2) 1 C. J. 195; 1 Cyc. 60; (3) 8 Cyc. 1058; (4) 8 Cyc. 1073; (5) 8 Cyc. 1051, 1052; (6) 8 Cyc. 1057; (7) 3 C. J. 1064; 2 Cyc. 805; (8) 30 Cyc. 1364; 8 Cyc. 1057; (9) 8 Cyc. 801; (10) 8 Cyc. 1095; (11) 3 C. J. 1410; 2 Cyc. 1014; 3 Cyc. 388; (12) 13 Cyc. 325; 34 Cyc. 1080; (13) 18 Cyc. 1009; 13 Cyc. 347; (14) 26 Cyc. 1454; (15) 13 Cyc. 70.