### HARMON, RECEIVER, *v.* BROWN, ADMINISTRATOR.

[No. 21,918. Filed June 17, 1915. Rehearing denied October 13, 1915.]

1. ACTION.—*Survival of Action.—Prosecution by Personal Representative.—Statutes.—Validity.*—Section 286 Burns 1914, Acts 1897 p. 227, providing for the survival of actions in certain cases and for the prosecution thereof by the personal representative of the decedent, is constitutional. p. 536.
2. APPEAL.— *Review.— Evidence.— Sufficiency.*— In an action for wrongful death, where the evidence was of such character as to raise questions of fact both as to defendant's negligence and as to decedent's contributory negligence, the finding of the jury can not be disturbed. p. 537.

From Rush Circuit Court; *David W. McKee*, Special Judge.

Action by Andrew C. Brown, administrator of the estate of Augustus L. Perkins, deceased, against Judson Harmon, receiver. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Elam & Fesler, Smith, Cambern & Smith*, for appellant.

*M. E. Forkner, Watson, Titsworth & Green, Ewbank, Hanan & Hanan,* for appellee.

Cox, J.—This was an action for his own personal injuries brought by Augustus L. Perkins in his lifetime. He secured judgment from which appellant appealed and while the appeal was pending Perkins died. The cause was reversed after his death and sent back for a new trial. Appellee was then appointed administrator of Perkins' estate and filed a supplemental complaint and also an amended complaint on the theory that the administrator might prosecute, for the benefit of the decedent's estate, the cause of action which in his lifetime decedent had asserted and for which he had recovered the judgment which was subsequently reversed. The action was so prosecuted by the administrator by virtue of §286 Burns 1914, Acts 1897 p. 227, which provides that in such case the action shall survive and may be prosecuted by the personal representative of such decedent, as other claims are prosecuted for and on behalf of decedents' estates.

Appellant demurred to the supplemental complaint and the amended complaint and the ruling thereon was adverse to appellant. This ruling is relied on as error and in

1. support of this claim of error appellant assails the constitutional validity of the section above stated, under which appellee claims authority to maintain the action, and in no other particular claims the complaint to be insufficient. All of the grounds of objection to the validity of this statute urged in this case have been given consideration by this court and decided against appellant. The statute is not subject to the constitutional objections urged against it. *Cincinnati, etc., R. Co.* v. *McCullom* (1915), *post* 556, 109 N. E. 206.

The remaining error relied on for reversal is the ruling of the trial court denying appellant's motion for a new trial. Some of the questions involved in this assignment are nullified by the conclusion that §286, *supra,* is valid and kept alive the decedent's cause of action.

It is asserted that the evidence does not show negligence on the part of appellant with reference to decedent's injuries and that it does show without dispute that his own contributory negligence produced his injury. It would be without profit to detail the evidence and to enter upon an analytical discussion of it. It is enough to say that it raised questions of fact on both the question of appellant's negligence and appellee's contributory negligence and these the jury decided against appellant. The evidence was sufficient to prevent this court from disturbing its conclusion on the question.

Some attempt is made to raise objections to the action of the court in giving and refusing instructions. We find no reversible error in this particular shown by appellant's brief. Judgment affirmed.

Morris, J., not participating.

Note.—Reported in 109 N. E. 212. See, also, under (1) 8 Cyc. 920; (2) 3 Cyc. 348.