297 N.E.2d 904 (1973)
Ronald E. CHAFFIN, Plaintiff-Appellant,
v.
John B. NICOSIA, Defendant-Appellee.
No. 3-173A5.
Court of Appeals of Indiana, Third District.
June 27, 1973.
Rehearing Denied September 6, 1973.
Martin H. Kinney and Nick Katich, of Addison, Stiles, Greenwald & Kinney, Gary, for plaintiff-appellant.
Richard J. Lesniak, of Given, Dawson & Cappas, E. Chicago, for defendant-appellee.
Richard L. Fairchild, of Stewart, Irwin, Gillion, Fuller & Meyer, Indianapolis, for amicus curiae.
HOFFMAN, Chief Judge.
This is an appeal by plaintiff-appellant Ronald E. Chaffin (Chaffin) from a judgment *905 sustaining defendant-appellee's motion for judgment on the pleadings and overruling plaintiff-appellant's subsequent motion to correct errors.
The complaint filed by plaintiff-appellant alleged medical malpractice on the part of defendant-appellee John B. Nicosia (Dr. Nicosia), and further alleged, inter alia, that the malpractice arose from Dr. Nicosia's treatment of Chaffin's mother during pregnancy and also his treatment of she and Chaffin during the breach birth of Chaffin on August 28, 1942.
Chaffin filed this action on August 27, 1965. The filing was within two years after he reached majority and was pursuant to IC 1971, 34-1-2-5, Ind. Ann. Stat. § 2-605 (Burns Code Edition), which reads as follows:
"Any person, being under legal disabilities when the cause of action accrues, may bring his action within two [2] years after the disability is removed."
To the aforementioned complaint, the defendant demurred. Such demurrer was later withdrawn and the defendant then moved for judgment on the pleadings pursuant to TR. 12(C), Ind.Rules of Procedure, IC 1971, 34-5-1-1. The motion was based upon the fact that the complaint itself disclosed that the incident in question took place on August 28, 1942, 23 years before this action was commenced. Further, the motion stated that at the time the cause of action arose there was in full force and effect a two-year statute of limitation on medical malpractice actions. IC 1971, XX-X-XX-X, Ind. Ann. Stat. § 2-627 (Burns Code Edition), reads as follows:
"No action of any kind for damages, whether brought in contract or tort, based upon professional services rendered or which should have been rendered, shall be brought, commenced or maintained, in any of the courts of this state against physicians, dentists, surgeons, hospitals, sanitariums, or others, unless said action is filed within two [2] years from the date of the act, omission or neglect complained of."
The defendant thereafter asserted that the cause was not within any exception which would prevent the above statute of limitations from running. This motion for judgment on the pleadings was sustained by the trial court. Subsequently, a motion by plaintiff to correct errors was overruled and this appeal ensued.
The first issue presented for our consideration is whether the two-year statute of limitations for medical malpractice actions, § 2-627, supra, is an exception to, or in irreconcilable conflict with, a statute allowing minors to sue within two years after reaching majority. IC 1971, 34-1-2-5, Ind. Ann. Stat. § 2-605 (Burns Code Edition).
The legal disability statute is not an exception to the subsequently enacted medical malpractice statute.
The medical malpractice statute is firm in its language. Section 2-627, supra, states, in pertinent part, that "[n]o action of any kind for damages, whether brought in contract or tort, based upon professional services rendered or which should have been rendered, shall be brought, * * * against physicians, * * * surgeons, * * * or others, unless said action is filed within two [2] years from the date of the act, omission or neglect complained of." (Emphasis supplied.) Clearly, this language is unambiguous and is not susceptible to the exception urged.
As to the question of whether the legal disability statute is, therefore, in conflict with the medical malpractice statute there can be no doubt. The former allows a party to bring an action no later than two years from the time the disability is removed while the latter allows an action to be brought no later than two years after accrual of the cause. The latter leaves no room for such an exception.
Burd v. McCullough (7 Cir.1954), 217 F.2d 159, was a malpractice action brought *906 by a minor more than two years after the accrual of the cause. The court in Burd applied Indiana law and concluded that the medical malpractice statute being enacted in 1941, repealed the 1881 legal disability statute to the extent of malpractice actions.
In reaching this conclusion, the court applied two rules well-established in Indiana courts. The first, as expressed in Hamilton County Council, et al. v. State ex rel. Groff (1949), 227 Ind. 608, 613, 87 N.E.2d 810, states that the last expression of the Legislature is controlling. Thus, when two statutes are in conflict the later statute in time will control. See also: Brumfield, Tr. v. State ex rel. Wallace (1934), 206 Ind. 647, 190 N.E. 863.
The second rule is set forth in Detrich v. Howard (7 Cir.1946), 155 F.2d 307, at 309,
"Where one statute deals clearly and specifically with a part of a general subject in a definite manner and is repugnant to the more general provisions of the same or another law covering the same general subject, the former specific act prevails."
Therefore, a statute limited to a specific situation will repeal a general statute to the extent that they are inconsistent.
To harmonize the two statutes and to give effect to each would allow the general legal disability statute to modify the more specific medical malpractice statute and allow the earlier enacted legal disability statute to modify the later enacted medical malpractice statute. This is clearly not permissible in view of prior Indiana case law.
As to the question of legislative intent, it must be presumed that the Legislature had the prior legal disability statute before it when it enacted the medical malpractice statute. State, ex rel. v. Board, etc. (1911), 175 Ind. 400, 94 N.E. 716. Had the Legislature intended the legal disability statute to be an exception to the medical malpractice statute, it would have made express provisions to that effect in the latter. Where the Legislature has intended one statute to be an exception to another, it has so provided. Such an exception is exemplified in Burd, at 162 of 217 F.2d, which states that:
"In 1919 the legislature enacted a statute letting the owner or occupant of land sold for taxes redeem that land within two years. Sec. 64-2301, Burns' Repl. 1951. At the same time the legislature specifically provided that infants, etc., could redeem within two years after expiration of their disability. Sec. 64-2302, Burns' Repl. 1951. If the 1919 legislature had thought that the 1881 statute was an exception to its 1919 limitation on redemption, it would have been unnecessary to specifically exclude minors, etc., in that act."
Guy v. Schuldt, et al. (1956), 236 Ind. 101, 138 N.E.2d 891, held that the earlier disability statute is not an exception to the later malpractice statute. Our Supreme Court, at 105 of 236 Ind., at 893 of 138 N.E.2d, stated:
"The question is, therefore, are there any exceptions to the particular statute of limitations for malpractice actions set forth above? We do not believe the Acts of 1881 passed nearly fifty years prior to the 1941 statute of limitations on malpractice can be considered an exception thereto. The latter act is a special act, and is absolute in its language. It is clear and unambiguous. It seems to us the Legislature would have stated it was subject to the exceptions listed in the Acts of 1881 if it had so intended. Sherfey v. City of Brazil (1938), 213 Ind. 493, 13 N.E.2d 568; Allen v. Dovell (1948), 193 Md. 359, 66 A.2d 795."
Further, in the recent case of Meier v. Combs (1970), Ind. App., 263 N.E.2d 194, at 196 (transfer denied), the court stated that the disability of unsound mind "would serve to toll the running of the 1881 statute *907 of limitations but not the [*] 1941 statute." (Footnotes omitted.) The 1941 statute is Ind. Ann. Stat. § 6-627 (Burns 1968). Ind. Ann. Stat. § 2-605 (Burns 1968), which tolls the 1881 statute, does not apply to the 1941 statute to which there are no statutory exceptions, although an exception for fraudulent concealment has been judicially declared.[1]
In accordance with the aforementioned authorities, the 1941 medical malpractice statute repeals the 1881 legal disability statute to the extent of malpractice actions.
The next issue is whether a statute allowing doctors the special privilege of a shorter time within which they may be sued, and not extending this privilege to anyone else is a violation of the Equal Protection Clause of the Constitution of the United States (U.S.C.A.Const. Amend. XIV), and Art. 1, § 23 of the Constitution of Indiana.
Appellant contends that if the malpractice statute is viewed as repealing the legal disability statute, then the malpractice statute is unconstitutional. He argues that special privileges are given to physicians and not to other persons.
It is true that the medical malpractice statute has the effect of setting those performing medical services apart as a class, and that such class is protected by a statute of limitations where other persons are not.
However, this does not necessarily mean that the malpractice statute is in violation of the Equal Protection Clause of the Federal Constitution and Art. 1, § 23 of the Constitution of Indiana. "These constitutional provisions do not forbid a classification of persons for legislative purposes." Cincinnati, etc., R. Co. v. McCullom (1915), 183 Ind. 556, at 561, 109 N.E. 206, at 208 (Aff'd. 245 U.S. 632, 38 S.Ct. 64, 62 L.Ed. 521). The court in Cincinnati, at 561 of 183 Ind., at 208 of 109 N.E., further stated that,
"Laws which impose burdens and liabilities, or which grant privileges and immunities must be general in their nature, and not special; but a law is not necessarily special because it applies only to one class of persons to the exclusion of others. If the situation, conditions, and circumstances of the persons included within the class to which the law is made to apply so differ from those of others not so included, as to indicate the necessity or propriety of making the law applicable only to those included within its terms, and if the law is so framed as to apply to all to whom the reason applies and to exclude all whom the reason excludes, it will be deemed a general law. Such an act does not conflict with either * * * [the Fourteenth Amendment to the Federal Constitution or Art. 1, § 23 of the Constitution of Indiana]. Natural and reasonable classification is permitted; arbitrary selection is forbidden. Barrett v. Millikin (1901), 156 Ind. 510, 60 N.E. 310, 83 Am.St. 220; Indianapolis St. R. Co. v. Robinson (1901), 157 Ind. 414, 61 N.E. 936."
The situation, conditions and circumstances of persons providing medical services differ appreciably from persons not so included in this class. Such is not an arbitrary and capricious distinction. Moreover, the classification is both reasonable and natural.
Laughlin v. Forgrave (1968 Mo.Supr.), 432 S.W.2d 308, is similar to the present case. That case involved a malpractice action against two physicians. The plaintiff in Laughlin asserted that the malpractice statute was unconstitutional in that it deprived her of equal protection of the laws, and that it constituted class legislation. Section 516.140 RSMo 1959, V.A.M.S., reads as follows:
"What actions within two years.

*908 * * * * * *
All actions against physicians, surgeons, dentists, roentgenologists, nurses, hospitals and sanitariums for damages for malpractice, error, or mistake shall be brought within two years from the date of the act of neglect complained of, * * *."
The court in Laughlin, at 314 of 432 S.W.2d, stated that,
"As a general rule, the date when a limitation period begins to run and the time thereafter within which a particular class of action shall be commenced against a particular class of persons, may be fixed by statute by the legislature and does not amount to a denial of equal protection or constitute proscribed class legislation, provided the classifications are reasonable, are not discriminatory, and apply to and affect alike all persons and actions within those classes."
In Levy v. Louisiana (1968), 391 U.S. 68, at 71, 88 S.Ct. 1509, at 1511, 20 L.Ed.2d 436, it is stated:
"While a State had broad power when it comes to making classifications (Ferguson v. Skrupa, 372 U.S. 726, 732, 83 S.Ct. 1028, 1032, 10 L.Ed.2d 93), it may not draw a line which constitutes an invidious discrimination against a particular class. See Skinner v. Oklahoma, 316 U.S. 535, 541-542, 62 S.Ct. 1110, 1113-1114, 86 L.Ed. 1655. Though the test has been variously stated, the end result is whether the line drawn is a rational one. See Morey v. Doud, 354 U.S. 457, 465-466, 77 S.Ct. 1344, 1349-1351, 1 L.Ed.2d 1485."
In Sellers v. Edwards (1972), 289 Ala. 2, 265 So.2d 438, a malpractice action was commenced against a physician nearly four years after the commission of the act complained of. The Alabama malpractice statute is similar to both that of Missouri and Indiana. However, it provides in addition to the standard two-year statute of limitations a six-month limitation period during which actions may be brought in instances where the cause could not reasonably have been discovered within the two-year period. This later period begins to run from the time of discovery. Act No. 766, Acts of Alabama, 1953, p. 1027, published as Title 7, § 25(1), Code of Alabama, 1940 (recompiled 1958).
In Sellers, the plaintiff contended that this Act was unconstitutional in that it discriminated in favor of physicians, surgeons and dentists and constituted class legislation prohibited by the Fourteenth Amendment. To this, the Alabama Supreme Court at 440 of 265 So.2d, stated that:
"A state is not prohibited upon constitutional grounds from making classifications of persons and objects, or from passing laws which apply only to persons within a designated class. Classification is an inherent power of the Legislature but it must not be arbitrary or unreasonable. In order to justify interference by the courts with the wide discretion which the Legislature has in such matters, it should appear that the interests of those generally affected by the act, as distinguished from those of a particular class, require such interference. In Re: Opinion of the Justices, 252 Ala. 559, 561, 42 So.2d 56 (1949)."
Chaffin argues that an arbitrary preference is given to doctors over other professional persons and that the malpractice statute discriminates against all other professionals and non-professionals who are sued in tort.
The class in question not only includes doctors but encompasses all who render medical services of a professional nature. Had surgeons been favored over general practitioners, for example, within the same statute, the outcome might be entirely different. However, all are treated alike by the statute who fall within its scope. Cincinnati, etc. R. Co. v. McCullom, supra.
Ultimately, the question is whether such a classification is arbitrary and unreasonable. *909 In McErlain, Tr. v. Taylor (1934), 207 Ind. 240, at 242, 192 N.E. 260, at 262, the court stated,
"It is well settled that the constitutional provisions involved do not forbid a classification of persons for legislative purposes.
`But in such cases the classification must not be capricious or arbitrary, but must be just and reasonable, and based upon substantial distinctions germane to the subject matter and the object to be obtained. The distinctions must involve something more than mere characteristics which will serve to divide or identify the class. There must be inherent differences in situation related to the subject-matter of the legislation which require, necessitate or make expedient different or exclusive legislation with respect to the members of the class. The classification must embrace all who possess the attributes or characteristics which are the basis of the classification, and their difference from those excluded must be substantial and related to the purpose of the legislation.'
Henry Heckler v. Herman L. Conter, Treas. et al. (1933), 206 Ind. 376, 381, 187 N.E. 878."
In the present case, there are "inherent differences in situation" between persons rendering medical services and persons who do not. This class is responsible for maintaining the public health and preserving human life. Such disciplines are at present in an imperfect state. Error, therefore, is not uncommon even though all reasonable precautions may be taken to avoid detrimental results. Where the life and health of each individual member of society is so fundamentally affected by those persons of a particular class and where the results of dealing with such class are subjective, uncertain and perhaps never noted to their full extent, account must be taken of human limitations, and those who render such services must be protected against intervening causes and unforseeable long-term consequences.
The distinction drawn by the Legislature is not groundless and arbitrary. A purpose and a reason exists for the enactment of such a statute of limitations. Where the Legislature has acted, constitutionality will be presumed and the judiciary will not rule otherwise unless classifications are devoid of reasonable grounds.
Judgment affirmed.
SHARP and STATON, JJ., concur.
NOTES
[1] See: Meier v. Combs, footnote 3, at 196 of 263 N.E.2d.